KENNADAY LEAVITT OWENSBY PC
CURTIS S. LEAVITT (SBN 162032)
cleavitt@kennadayleavitt.com
LANCE M. MARTIN (SBN 294457)
lmartin@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California 95814
Telephone:     (916) 732-3060

Attorneys for Defendants
MONTEREY PENINSULA
HORTICULTURE, INC. dba ROCKET
FARMS;
MONTEREY PENINSULA
HORTICULTURE, INC. / STEVEN
ROBERTS ORIGINAL DESSERTS, LLC,
EMPLOYEE BENEFIT PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,<br><br>   Plaintiff,<br><br>  v.<br><br>MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN,<br><br>   Defendants. | Case No. 5:17-cv-07076-VKD<br><br>**MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Mag. Judge Virginia K. DeMarchi<br><br>Complaint Filed: December 13, 2017<br>Trial Date: None set. |

## <u>ANSWER</u>

  Plaintiffs MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS and MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN (collectively, "Monterey") respectfully submits this Answer to SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM's First Amended Complaint as follows:

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

1.      In response to ¶ 1 of the First Amended Complaint, Monterey admits that it was sued by Salinas seeking reimbursement of healthcare claims. Monterey denies the remainder of the allegations in this paragraph.

2.      In response to ¶ 2 of the First Amended Complaint, Monterey admits that it operated a self-funded benefit plan from July 1, 2014 through June 30, 2017. Monterey denies the remainder of the allegations in this paragraph.

3.      In response to ¶ 3 of the First Amended Complaint, Monterey admits that it provided health benefits to its employees and employees' dependents through a self-funded benefit plan from July 1, 2014 through June 30, 2017. Monterey denies the remainder of the allegations in this paragraph.

4.      In response to ¶ 4 of the First Amended Complaint, Monterey denies "a deliberate strategy to underpay the hospital." Monterey denies the remainder of the allegations in this paragraph based on a lack of information or knowledge.

5.      In response to ¶ 5 of the First Amended Complaint, Monterey admits it entered into contracts with EBMS, CDS (now known as AMPS). Monterey denies the "sole function [of EBMS, CDS/AMPS] was to deny any additional payment to the Hospital for services rendered, including by rejecting each of the Hospital's hundreds of appeal letters." Monterey denies the remainder of this paragraph based on lack of information or knowledge.

6.      In response to ¶ 6 of the First Amended Complaint, Monterey admits it terminated the self-funded plan on or around July 1, 2017. Monterey denies the remainder of the allegations in the paragraph.

7.      In response to ¶ 7 of the First Amended Complaint, Monterey denies it "seeks to pocket the 'savings' from its failed scheme for itself, and to leave the Hospital financially liable." Monterey denies the remainder of this paragraph based on lack of information or knowledge.

8.      In response to ¶ 8 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations in the paragraph.

9.      In response to ¶ 9 of the First Amended Complaint, the allegations contained therein

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

are a legal assertion to which no response is required. Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damage. Monterey denies the remainder of the allegations in the paragraph.

10.     In response to ¶ 10 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations in the paragraph.

11.     In response to ¶ 11 of the First Amended Complaint, Monterey admits that Salinas is asserting subject matter jurisdiction, but otherwise denies based on lack of information or knowledge. Monterey denies the remainder of the allegations in the paragraph.

12.     In response to ¶ 12 of the First Amended Complaint, Monterey admits that Salinas is asserting supplemental jurisdiction, but otherwise denies based on lack of information or knowledge. Monterey denies the remainder of the allegations in the paragraph.

13.     In response to ¶ 13 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

14.     In response to ¶ 14 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

15.     In response to ¶ 15 of the First Amended Complaint, Monterey admits the allegations contained therein.

16.     In response to ¶16 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey admits the Monterey Peninsula Horticulture, Inc. / Steven Roberts Original Desserts, LLC, Employee Benefit Plan is a self-funded ERISA health benefits plan. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

17.     In response to ¶ 17 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

18.     In response to ¶ 18 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

///

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00139803.1

-3-

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

19.     In response to ¶ 19 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

20.     In response to ¶ 20 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

21.     In response to ¶ 21 of the First Amended Complaint, Monterey admits it purchased a health insurance policy for its employees and employees' dependents prior to or about June 30, 2014. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

22.     In response to ¶ 22 of the First Amended Complaint, Monterey denies that it "drastically cut the level of payment to the Hospital for medical services." Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

23.     In response to ¶ 23 of the First Amended Complaint, Monterey denies that it "sought to shift the cost of its employees' healthcare onto the Hospital." Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

24.     In response to ¶ 24 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

25.     In response to ¶ 25 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

26.     In response to ¶ 26 of the First Amended Complaint, Monterey admits it purchased health insurance policy for its employees and employees' dependents on or about July 1, 2017. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

27.     In response to ¶ 27 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damage. Monterey denies the amount of Salinas' alleged damages based on a lack of information or knowledge.

28.     In response to ¶ 28 of the First Amended Complaint, Monterey denies the allegations contained therein.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

29.     In response to ¶ 29 of the First Amended Complaint, Monterey admits it did not purchase a health insurance policy for its employee during the self-funded period. Monterey admits it formed the Monterey Peninsula Horticulture, Inc. / Steven Roberts Original Desserts, LLC, Employee Benefit Plan. Monterey denies the remainder of the allegations in the paragraph.

30.     In response to ¶ 30 of the First Amended Complaint, Monterey admits it was responsible for payment of benefits under the self-funded plan. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

31.     In response to ¶ 31 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

32.     In response to ¶ 32 of the First Amended Complaint, Monterey admits it was "persuaded by a number of unreliable consultants and brokers to adopt a self-funded model." Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

33.     In response to ¶ 33 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies that its "overall strategy was to grossly underpay Plan benefits in an [sic] disclosed and unaccountable manner; to deny each and every appeal seeking additional payment; and then aggressively threaten litigation against the Hospital when the Hospital asked any of its patients to pay the balance on any unpaid bill." Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

34.     In response to ¶ 34 of the First Amended Complaint, Monterey denies it "set up that Plan so that payment was to be made based upon 'the reasonable and customary charge.'" Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

35.     In response to ¶ 35 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

36.     In response to ¶ 36 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

37.     In response to ¶ 37 of the First Amended Complaint, Monterey denies that it "intentionally and wrongfully administered that Plan." Monterey denies the remainder of the allegations in the paragraph.

38.     In response to ¶ 38 of the First Amended Complaint, Monterey denies it "rigged the Plan's reimbursement process so that the Plan did not, in fact, have to pay Reasonable & Customary." Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

39.     In response to ¶ 39 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

40.     In response to ¶ 40 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

41.     In response to ¶ 41 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

42.     In response to ¶ 42 of the First Amended Complaint, Monterey denies the allegations contained therein.

43.     In response to ¶43 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

44.     In response to ¶ 44 of the First Amended Complaint, Monterey denies the allegations contained therein.

45.     In response to ¶45 of the First Amended Complaint, Monterey denies the allegations contained therein.

46.     In response to ¶ 46 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

47.     In response to ¶ 47 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

48.     In response to ¶ 48 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

49.     In response to ¶ 49 of the First Amended Complaint, Monterey admits that it purchased

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

a health insurance policy for its employees before and after the self-funded period. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

50.     In response to ¶ 50 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

51.     In response to ¶ 51 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

52.     In response to ¶ 52 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

53.     In response to ¶ 53 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

54.     In response to ¶ 54 of the First Amended Complaint, Monterey admits it set up the Plan to provide benefits for both emergency care and inpatient hospitalization. Monterey denies the allegations contained therein based on lack of information or knowledge.

55.     In response to ¶ 55 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

56.     In response to ¶ 56 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

57.     In response to ¶ 57 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

58.     In response to ¶ 58 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

59.     In response to ¶ 59 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

60.     In response to ¶ 60 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

61.     In response to ¶ 61 of the First Amended Complaint, Monterey denies the allegations contained therein.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

62.    In response to ¶ 62 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

63.    In response to ¶ 63 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages. Monterey denies the allegations contained therein based on lack of information or knowledge.

64.    In response to ¶ 64 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

65.    In response to ¶ 65 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

66.    In response to ¶ 66 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

67.    In response to ¶ 67 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

68.    In response to ¶ 68 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

69.    In response to ¶ 69 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

70.    In response to ¶ 70 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

71.    In response to ¶ 71 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

72.     In response to ¶ 72 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

73.     In response to ¶ 73 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

74.     In response to ¶ 74 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

75.     In response to ¶ 75 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

76.     In response to ¶ 76 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

77.     In response to ¶ 77 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

78.     In response to ¶ 78 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

79.     In response to ¶ 79 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey admits that Salinas Valley Hospital is located in California. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

80.     In response to ¶ 80 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

81.     In response to ¶ 81 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

82.     In response to ¶ 82 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

83.     In response to ¶ 83 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations in the paragraph.

84.     In response to ¶ 84 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

85.     In response to ¶ 85 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

86.     In response to ¶ 86 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

87.     In response to ¶ 87 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

88.     In response to ¶ 88 of the First Amended Complaint, Monterey denies the allegations contained therein.

89.     In response to ¶ 89 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

90.     In response to ¶ 90 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

91.     In response to ¶ 91 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

///

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

92.     In response to ¶ 92 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

93.     In response to ¶ 93 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

94.     In response to ¶ 94 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

95.     In response to ¶ 95 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

96.     In response to ¶ 96 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

97.     In response to ¶ 97 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

98.     In response to ¶ 98 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

99.     In response to ¶ 99 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

100.     In response to ¶ 100 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

101.     In response to ¶ 101 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

///

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

102.    In response to ¶ 102 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

103.    In response to ¶ 103 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

104.    In response to ¶ 104 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

105.    In response to ¶ 105 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

106.    In response to ¶ 106 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

107.    In response to ¶ 107 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

108.    In response to ¶ 108 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

109.    In response to ¶ 109 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

110.    In response to ¶ 110 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the amount of Salinas' alleged damages based on a lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

///

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

1    111.    In response to ¶ 111 of the First Amended Complaint, the allegations contained therein

2    are a legal assertion to which no response is required.

3    112.    In response to ¶ 112 of the First Amended Complaint, the allegations contained therein

4    are a legal assertion to which no response is required.

5    113.    In response to ¶ 113 of the First Amended Complaint, the allegations contained therein

6    are a legal assertion to which no response is required.

7    114.    In response to ¶ 114 of the First Amended Complaint, Monterey denies the allegations

8    contained therein based on lack of information or knowledge.

9    115.    In response to ¶ 115 of the First Amended Complaint, the allegations contained therein

10   are a legal assertion to which no response is required.

11   116.    In response to ¶ 116 of the First Amended Complaint, the allegations contained therein

12   are a legal assertion to which no response is required.

13   117.    In response to ¶ 117 of the First Amended Complaint, Monterey admits the Plan

14   provides benefits for both emergency care and inpatient hospitalization, as well as benefits for other

15   healthcare services. Monterey denies the remainder of the allegations contained therein based on lack

16   of information or knowledge.

17   118.    In response to ¶ 118 of the First Amended Complaint, the allegations contained therein

18   are a legal assertion to which no response is required. Monterey admits the Plan provides benefits for

19   both emergency care and inpatient hospitalization.

20   119.    In response to ¶ 119 of the First Amended Complaint, the allegations contained therein

21   are a legal assertion to which no response is required.

22   120.    In response to ¶ 120 of the First Amended Complaint, the allegations contained therein

23   are a legal assertion to which no response is required.

24   121.    In response to ¶ 121 of the First Amended Complaint, the allegations contained therein

25   are a legal assertion to which no response is required.

26   122.    In response to ¶ 122 of the First Amended Complaint, Monterey denies the allegations

27   contained therein.

28   ///

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

123.    In response to ¶ 123 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

124.    In response to ¶ 124 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

125.    In response to ¶ 125 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

126.    In response to ¶ 126 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

127.    In response to ¶ 127 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

128.    In response to ¶ 128 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

129.    In response to ¶ 129 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

130.    In response to ¶ 130 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

131.    In response to ¶ 131 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

132.    In response to ¶ 132 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

133.    In response to ¶ 133 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

134.    In response to ¶ 134 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

135.    In response to ¶ 135 of the First Amended Complaint, the allegations contained therein

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

1    are a legal assertion to which no response is required. Monterey denies the remainder of the

2    allegations contained therein based on lack of information or knowledge.

3          136.    In response to ¶ 136 of the First Amended Complaint, Monterey denies the allegations

4    contained therein based on lack of information or knowledge.

5          137.    In response to ¶ 137 of the First Amended Complaint, the allegations contained therein

6    are a legal assertion to which no response is required. Monterey denies the remainder of the

7    allegations contained therein.

8          138.    In response to ¶ 138 of the First Amended Complaint, the allegations contained therein

9    are a legal assertion to which no response is required. Monterey denies the remainder of the

10   allegations contained therein based on lack of information or knowledge.

11         139.    In response to ¶ 139 of the First Amended Complaint, Monterey denies the allegations

12   contained therein based on lack of information or knowledge.

13         140.    In response to ¶ 140 of the First Amended Complaint, the allegations contained therein

14   are a legal assertion to which no response is required.

15         141.    In response to ¶ 141 of the First Amended Complaint, the allegations contained therein

16   are a legal assertion to which no response is required. Monterey denies the remainder of the

17   allegations contained therein based on lack of information or knowledge.

18         142.    In response to ¶ 142 of the First Amended Complaint, the allegations contained therein

19   are a legal assertion to which no response is required. Monterey denies the remainder of the

20   allegations contained therein based on lack of information or knowledge.

21         143.    In response to ¶ 143 of the First Amended Complaint, the allegations contained therein

22   are a legal assertion to which no response is required. Monterey denies the remainder of the

23   allegations contained therein based on lack of information or knowledge.

24         144.    In response to ¶ 144 of the First Amended Complaint, the allegations contained therein

25   are a legal assertion to which no response is required. Monterey denies the remainder of the

26   allegations contained therein based on lack of information or knowledge.

27         145.    In response to ¶ 145 of the First Amended Complaint, Monterey denies the allegations

28   contained therein based on lack of information or knowledge.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

146.     In response to ¶ 146 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

147.     In response to ¶ 147 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

148.     In response to ¶ 148 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

149.     In response to ¶ 149 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

150.     In response to ¶ 150 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on lack of information or knowledge.

151.     In response to ¶ 151 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

152.     In response to ¶ 152 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

153.     In response to ¶ 153 of the First Amended Complaint, Monterey denies the allegations contained therein.

154.     In response to ¶ 154 of the First Amended Complaint, Monterey denies the allegations contained therein.

155.     In response to ¶ 155 of the First Amended Complaint, Monterey denies the remainder of the allegations contained therein. As to the allegations relating to Monterey's employees, Monterey denies based on a lack of knowledge or information.

156.     In response to ¶ 156 of the First Amended Complaint, Monterey denies the remainder of the allegations contained therein. As to the allegations relating to Monterey's employees, Monterey

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

denies based on a lack of knowledge or information.

157.    In response to ¶157 of the First Amended Complaint, Monterey denies "the Plan was set up using an improper 'reference pricing' network model." Monterey denies the remainder of the allegations contained therein.

158.    In response to ¶ 158 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

159.    In response to ¶ 159 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

160.    In response to ¶ 160 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

161.    In response to ¶ 161 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

162.    In response to ¶ 162 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

163.    In response to ¶ 163 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

164.    In response to ¶ 164 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

165.    In response to ¶ 165 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

166.    In response to ¶ 166 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

167.    In response to ¶ 167 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

168.    In response to ¶ 168 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

///

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

169.    In response to ¶ 169 of the First Amended Complaint, Monterey denies the allegations contained therein.

170.    In response to ¶ 170 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

171.    In response to ¶ 171 of the First Amended Complaint, Monterey denies the allegations contained therein. As to the allegations relating to California Hospitals, Monterey denies based on a lack of knowledge or information.

172.    In response to ¶ 172 of the First Amended Complaint, Monterey denies the allegations contained therein.

173.    In response to ¶ 173 of the First Amended Complaint, Monterey denies the allegations contained therein.

174.    In response to ¶ 174 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

175.    In response to ¶ 175 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

176.    In response to ¶ 176 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

177.    In response to ¶ 177 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

178.    In response to ¶ 178 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

179.    In response to ¶ 179 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

allegations contained therein based on a lack of knowledge or information.

180.    In response to ¶ 180 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

181.    In response to ¶ 181 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

182.    In response to ¶ 182 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

183.    In response to ¶ 183 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

184.    In response to ¶ 184 of the First Amended Complaint, Monterey denies the allegations contained therein.

185.    In response to ¶ 185 of the First Amended Complaint, Monterey denies the allegations contained therein. As to the allegations relating to Monterey's employees, Monterey denies based on a lack of knowledge or information.

186.    In response to ¶ 186 of the First Amended Complaint, Monterey denies the allegations contained therein.

187.    In response to ¶ 187 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

188.    In response to ¶ 188 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

189.    In response to ¶ 189 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

allegations contained therein.

190.   In response to ¶ 190 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

191.   In response to ¶ 191 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

192.   In response to ¶ 192 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

193.   In response to ¶ 193 of the First Amended Complaint, Monterey denies the allegations contained therein.

194.   In response to ¶ 194 of the First Amended Complaint, Monterey denies the allegations contained therein based on a lack of knowledge or information.

195.   In response to ¶ 195 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein based on a lack of knowledge or information.

196.   In response to ¶ 196 of the First Amended Complaint, Monterey denies the allegations contained therein based on a lack of knowledge or information.

197.   In response to ¶ 197 of the First Amended Complaint, Monterey denies the allegations contained therein.

198.   In response to ¶ 198 of the First Amended Complaint, Monterey denies the allegations contained therein based on a lack of knowledge or information.

199.   In response to ¶ 199 of the First Amended Complaint, Monterey denies the allegations contained therein based on a lack of knowledge or information.

200.   In response to ¶ 200 of the First Amended Complaint, Monterey denies the allegations contained therein based on a lack of knowledge or information.

///

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

201.    In response to ¶ 201 of the First Amended Complaint, Monterey denies the allegations contained therein.

202.    In response to ¶ 202 of the First Amended Complaint, Monterey admits its position is that Salinas cannot recover for any claim for which the second level appeal was denied over a year ago. Monterey denies the remainder of the allegations contained therein.

203.    In response to ¶ 203 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

204.    In response to ¶ 204 of the First Amended Complaint, Monterey denies the allegations contained therein based on a lack of knowledge or information.

205.    In response to ¶ 205 of the First Amended Complaint, Monterey denies the allegations contained therein based on a lack of knowledge or information.

206.    In response to ¶ 206 of the First Amended Complaint, Monterey denies the allegations contained therein based on a lack of knowledge or information.

207.    In response to ¶ 207 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the remainder of the allegations contained therein.

208.    In response to ¶ 208 of the First Amended Complaint, Monterey denies the allegations contained therein.

209.    In response to ¶ 209 of the First Amended Complaint, as to the allegations relating to the inpatient stay, Monterey denies based on a lack of knowledge or information. Monterey denies the remainder of allegations contained therein.

210.    In response to ¶ 210 of the First Amended Complaint, Monterey denies the allegations contained therein.

211.    In response to ¶ 211 of the First Amended Complaint, Monterey denies the allegations contained therein.

212.    In response to ¶ 212 of the First Amended Complaint, Monterey denies the allegations contained therein.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

213.    In response to ¶ 213 of the First Amended Complaint, as to the allegations relating to Salinas' expectations, Monterey denies based on a lack of knowledge or information. Monterey denies the remainder of allegations contained therein.

214.    In response to ¶ 214 of the First Amended Complaint, Monterey denies the allegations contained therein.

215.    In response to ¶ 215 of the First Amended Complaint, Monterey denies the allegations contained therein.

216.    In response to ¶ 216 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the remainder of the allegations contained therein.

217.    In response to ¶ 217 of the First Amended Complaint, as to the allegations relating to the outpatient stay, Monterey denies based on a lack of knowledge or information. Monterey denies the remainder of allegations contained therein.

218.    In response to ¶ 218 of the First Amended Complaint, Monterey denies the allegations contained therein.

219.    In response to ¶ 219 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the remainder of the allegations contained therein.

220.    In response to ¶ 200 of the First Amended Complaint, as to the allegations relating to the cesarean delivery, Monterey denies based on a lack of knowledge or information. Monterey denies the remainder of allegations contained therein.

221.    In response to ¶ 221 of the First Amended Complaint, Monterey denies the allegations contained therein.

222.    In response to ¶ 222 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the remainder of the allegations contained therein.

223.    In response to ¶ 223 of the First Amended Complaint, Monterey denies the allegations contained therein.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

224.     In response to ¶ 224 of the First Amended Complaint, Monterey denies the allegations contained therein.

225.     In response to ¶ 225 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the remainder of the allegations contained therein.

<u>FIRST CAUSE OF ACTION</u>

226.     In response to ¶ 226 of the First Amended Complaint, Monterey incorporates its responses to paragraphs 1 through 225 of the First Amended Complaint as if fully set forth herein.

227.     In response to ¶ 227 of the First Amended Complaint, as to the allegation of an execution of conditions of admissions, Monterey denies the allegations contained therein based on lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

228.     In response to ¶ 228 of the First Amended Complaint, Monterey denies the allegations contained therein.

229.     In response to ¶ 229 of the First Amended Complaint, Monterey denies the allegations contained therein based on lack of information or knowledge.

230.     In response to ¶ 230 of the First Amended Complaint, Monterey denies the allegations contained therein.

231.     In response to ¶ 231 of the First Amended Complaint, Monterey denies the allegations contained therein.

232.     In response to ¶ 232 of the First Amended Complaint, Monterey denies the allegations contained therein.

233.     In response to ¶ 233 of the First Amended Complaint, Monterey denies the allegations contained therein.

234.     In response to ¶ 234 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

235.     In response to ¶ 235 of the First Amended Complaint, as to the allegation related to

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

EBMS, AMPS, and CDS, Monterey denies the allegations contained therein based on lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

236.    In response to ¶ 236 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

237.    In response to ¶ 237 of the First Amended Complaint, Monterey denies that Salinas is entitled to its reasonable attorneys' fees under ERISA. Monterey denies the remainder of the allegations contained therein.

238.    In response to ¶ 238 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the amount of Salinas' alleged damages based on a lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

239.    In response to ¶ 239 of the First Amended Complaint, Monterey denies that Salinas may balance bill the patients. Monterey denies the remainder of the allegations contained therein.

<u>SECOND CAUSE OF ACTION</u>

240.    In response to ¶ 240 of the First Amended Complaint, Monterey incorporates its responses to paragraphs 1 through 239 of the First Amended Complaint as if fully set forth herein.

241.    In response to ¶ 241 of the First Amended Complaint, as to the allegation of an execution of conditions of admissions, Monterey denies the allegations contained therein based on lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

242.    In response to ¶ 242 of the First Amended Complaint, Monterey denies the allegations contained therein.

243.    In response to ¶ 243 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required. Monterey denies the remainder of the allegations contained therein.

244.    In response to ¶ 244 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

Monterey denies the amount of Salinas' alleged damages based on a lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

245.    In response to ¶ 245 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the amount of Salinas' alleged damages based on a lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

246.    In response to ¶ 246 of the First Amended Complaint, Monterey denies that Salinas is entitled to its reasonable attorneys' fees under ERISA. Monterey denies the remainder of the allegations contained therein.

<u>THIRD CAUSE OF ACTION</u>

247.    In response to ¶ 247 of the First Amended Complaint, Monterey incorporates its responses to paragraphs 1 through 246 of the First Amended Complaint as if fully set forth herein.

248.    In response to ¶ 248 of the First Amended Complaint, Monterey denies the allegations contained therein.

249.    In response to ¶ 249 of the First Amended Complaint, Monterey denies the allegations contained therein.

250.    In response to ¶ 250 of the First Amended Complaint, Monterey denies the allegations contained therein.

251.    In response to ¶ 251 of the First Amended Complaint, Monterey denies the allegations contained therein.

252.    In response to ¶ 252 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages. Monterey denies the remainder of the allegations contained therein.

253.    In response to ¶ 253 of the First Amended Complaint, the allegations contained therein are a legal assertion to which no response is required.

254.    In response to ¶ 254 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the amount of Salinas' alleged damages based on a lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

255.    In response to ¶ 255 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the amount of Salinas' alleged damages based on a lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

<u>FOURTH CAUSE OF ACTION</u>

256.    In response to ¶ 256 of the First Amended Complaint, Monterey incorporates its responses to paragraphs 1 through 255 of the First Amended Complaint as if fully set forth herein.

257.    In response to ¶ 257 of the First Amended Complaint, Monterey denies the allegations contained therein.

258.    In response to ¶ 258 of the First Amended Complaint, Monterey denies the allegations contained therein.

259.    In response to ¶ 259 of the First Amended Complaint, Monterey denies the allegations contained therein.

260.    In response to ¶ 260 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages. Monterey denies the remainder of the allegations contained therein.

261.    In response to ¶ 261 of the First Amended Complaint, he allegations contained therein are a legal assertion to which no response is required.

262.    In response to ¶ 262 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the amount of Salinas' alleged damages based on a lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

263.    In response to ¶ 263 of the First Amended Complaint, Monterey denies that Salinas has suffered any damages or is entitled to any compensation from Monterey for any alleged damages. Monterey denies the amount of Salinas' alleged damages based on a lack of information or knowledge. Monterey denies the remainder of the allegations contained therein.

<u>PRAYER FOR RELIEF</u>

A.    Monterey denies that Salinas is entitled to judgment in any amount.

B.    Monterey denies that Salinas is entitled to judgment in any amount.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

1   C.   Monterey denies that Salinas is entitled to judgment in any amount.

2   D.   Monterey denies that Salinas is entitled to judgment in any amount.

3   E.   Monterey denies that Salinas is entitled to judgment in any amount.

4   F.   Monterey denies that Salinas is entitled to judgment in any amount.

5   G.   Monterey denies that Salinas is entitled to judgment in any amount.

6   H.   Monterey denies that Salinas is entitled to judgment in any amount.

7                          **AFFIRMATIVE DEFENSES**

8   Monterey raises the following affirmative defenses to each and every claim asserted against

9   it and as to each of the acts and/or omissions with which Monterey is charged in the First Amended

10   Complaint. Monterey hereby alleges the following affirmative defenses without assuming the burden

11   of proof for such affirmative defenses where the burden is on Salinas by law.

12                        FIRST AFFIRMATIVE DEFENSE
13                        (Failure to State a Cause of Action)

14   Salinas' First Amended Complaint, and each cause of action contained therein, fails to state

15   facts sufficient to constitute a cause of action.

16                        SECOND AFFIRMATIVE DEFENSE
17                        (Total Performance)

18   Monterey has fully performed each, any, and all obligations under all legal and statutory

19   requirements with Salinas. Monterey has complied with the federal ERISA and ACA statutes and

20   accompanying regulations, as well as all obligations stated in the Summary Plan Description and

21   Assignment of Benefits. The Summary Plan Description states maximum amounts allowable. Instead,

22   Salinas' First Amended Complaint improperly seeks payment above and beyond the rates stated in

23   the Plan's Summary Plan Description. Any payment from Monterey to Salinas above and beyond the

24   amount stated in Summary Plan Description is not permitted under the Plan and circumvents federal

25   and California statutes and regulations.

26   Monterey's self-funded plan is administered by a third-party that contracts with Monterey to

27   oversee and manage the plan, meaning the third-party reviews claims, determines what claims and/or

28   services are covered under the plan, and, when covered, remits payment to providers, like Salinas,

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

based on the terms, conditions, and/or limitations outlined in the Plan's Summary Plan Description. Based on this arrangement, Monterey denies it had any statutory and/or contractual requirement to directly reimburse Salinas for the services at issue. However, to the extent such requirements exist and are presently unknown to Monterey, Monterey fully performed each, any, and all obligations under all statutory and/or alleged contractual requirements with Salinas.

The Plan's Summary Plan Description creates a contract with plan beneficiaries (here, the patients), not providers (here, Salinas). Included in the Summary Plan Description are conditions precedent to payment. One condition precedent requires that beneficiaries of the plan submit all necessary medical information and documentation to, and obtain authorization for treatment from, Monterey's self-funded plan before the plan will pay for items, services, or supplies the member received. Here, Salinas completed these tasks on behalf of Plan beneficiaries pursuant to an executed assignment of benefits.

The Assignment of Benefits allows Monterey to pay the plan benefits directly to providers, like Salinas, that otherwise would be payable to plan beneficiaries. In addition, these assignments of benefits state that Plan beneficiaries, not Monterey or the self-funded) plan, assume responsibility for payment of any and all monies owed to Salinas, including payment for any amounts owed in excess of the payments Salinas received from any available health plans, insurance policies, or payment sources. Said health plans, insurance policies, or payment sources include Monterey's self-funded plan. Monterey's self- plan properly paid Salinas for the items, services, and supplies it provided in accordance with the maximum amounts allowable under the Plans' Summary Plan Description. This payment was made directly to Salinas pursuant to the assignment of benefits executed. In doing so, Monterey totally and completely performed each, any, and all obligations under the Summary Plan Description. Any amounts owed in excess of the payments that Salinas received from Monterey's self-funded plan are the responsibility of Plan beneficiaries.

Moreover, any item, service, or supply allegedly provided by Salinas to the plan beneficiaries for which payment was denied or was allegedly underpaid was an item, service, or supply that, among other reasons: was not a covered benefit; was not medically necessary; was not properly authorized; included inaccurate or incorrect coding, upcoding, or unbundled charges; was an item or service not

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

provided; included duplicate charges; lacked sufficient documentary support for the item or service billed; or consisted of billed charges that were not reasonable or customary and exceeded the amount owed under applicable law. Alternatively, Salinas failed to provide relevant medical information and records sufficient to verify the medical necessity of the services rendered, and to validate the provision of the items, services, and supplies included on Salinas' bills. Providing the medical information is a condition precedent to any obligation to pay for the services provided to the patients.

THIRD AFFIRMATIVE DEFENSE<br>(Waiver)

Salinas, by reason of its conduct and action, waived its right, if any, to pursue the claims set forth in the First Amended Complaint. First, Salinas' failure to comply with the requirements of the Plan's Summary Plan Description, which applies to Salinas under the executed assignment of benefits, waives Salinas' right to recover on the disputed claims. For example, Salinas' failure to obtain proper authorization or approval for services Salinas provided to Plan beneficiaries, as required by the Plan's Summary Plan Description, waives Salinas' right to recover any alleged non-payment or underpayment for such care. Salinas' failure to provide relevant medical information and records sufficient for Monterey's self-funded plan to verify the medical necessity of the services at issue, and validate the provision of the items, services, and supplies included on Salinas' bills, also waives any right Salinas may have to payment under the Plan's Summary Plan Description.

Second, Salinas' failure to comply with any applicable obligations regarding the timely filing of claims and appeals, or submission of complete and accurate claims under state and/or federal law, waives Salinas' right to recover on the disputed claims. Third, if the Plan beneficiaries were covered under products that required Plan beneficiaries to obtain services from specific providers, and Salinas treated Plan beneficiaries knowing it was not a qualifying provider, then Salinas further waived its right to seek payment for the services it claims were provided to Plan beneficiaries.

FOURTH AFFIRMATIVE DEFENSE<br>(Estoppel)

Salinas is estopped by its conduct and actions from asserting the claims set forth in the First Amended Complaint because it failed to comply with the requirements of the Plan's Summary Plan

KENNADAY LEAVITT OWENSBY PC<br>ATTORNEYS AT LAW<br>621 CAPITOL MALL, SUITE 2500<br>SACRAMENTO, CA 95814

Description. In particular, pursuant to Monterey's self-funded plan, which applies to Salinas under the executed assignment of benefits, Salinas failed to obtain proper authorization or approval from the plan for treatment. Said conduct estops Salinas from recovering on its claims for non-payment or underpayment for such care under the Plan's Summary Plan Description. Although required by the Plan's Summary Plan Description, Salinas also failed to provide medical information and records sufficient for Monterey's self-funded plan to validate the medical necessity of the care provided, or to provide medical information and records in a timely manner, which again estops Salinas from asserting the claims set forth in its First Amended Complaint. Finally, if Plan beneficiaries were covered under products that required Plan beneficiaries to obtain services from specific providers, and Salinas treated Plan beneficiaries knowing it was not a qualifying provider, this conduct further estops Salinas from seeking payment from Monterey for the services it claims were provided to Plan beneficiaries.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations/Limitations Period)

The First Amended Complaint, each allegation it alleges, and all individual claims supporting the calculation of damages are barred by the applicable statutes of limitation including, but not limited to, Section 502(a)(1)(B), 29 U.S.C. section 1132(a)(1)(B), as well as California Code of Civil Procedure sections 337, 338, 339, and/or 343. Salinas' claims are barred by the applicable period of limitations contained in state and federal law governing the timely submission of claims and appeals. Salinas is barred from seeking payment on those claims and appeals that were not timely submitted to Monterey for payment.

The First Amended Complaint, each allegation it alleges, and all individual claims supporting the calculation of damages are barred by the applicable limitations period established by the Plan and stated in the Summary Plan Description. Salinas' claims are barred by the applicable limitations period contained in Summary Plan Description governing the timely submission of claims, appeals as well as instituting legal action seeking payment of benefits, including the provision which states that: "A legal action to obtain benefits must be commenced within one (1) year of the date of the Notice of Determination on the final level of internal or external review, whichever is applicable."

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

1  Salinas is barred from seeking payment on those claims submitted not in compliance with the Plan's

2  Limitations Periods.

### SIXTH AFFIRMATIVE DEFENSE
(Laches)

The First Amended Complaint, and each allegation it alleges, as well as the individually disputed claims which are the basis for Salinas' alleged damages, are barred by the doctrine of laches. Salinas failed to submit and/or appeal any non-payment or alleged underpayment on the disputed claims in a timely manner resulting in prejudice to Monterey. Salinas failed to timely submit clean claims consistent with applicable state and federal requirements also resulting in prejudice to Monterey.

### SEVENTH AFFIRMATIVE DEFENSE
(Set-Off)

Salinas is not entitled to the relief requested in its Complaint because any amounts to which Salinas may otherwise be entitled are properly set-off against amounts owing from Salinas to Monterey. As such, Monterey asserts its right to set-off any damages recovered by Salinas against overpayments inadvertently paid by Monterey on both disputed claims contained in Salinas' First Amended Complaint, as well as other claims for services rendered. These overpayments include payments made by Monterey on items, services, or supplies that, among other reasons: were not medically necessary; were not properly authorized; were not covered under the patient's benefit plan; and/or included inaccurate or incorrect coding, upcoding, unbundled charges, mistaken charges, services or supplies not provided, duplicate charges, or insufficient documentary support for the item, service, or supply billed.

### EIGHTH AFFIRMATIVE DEFENSE
(Unclean Hands)

The First Amended Complaint, each allegation it alleges, and all separate, disputed claims included therein are barred by Salinas' unclean hands. Salinas knowingly executed a scheme or artifice to defraud Monterey by billing for items, services, and supplies that were not authorized, not medically necessary, not covered under the patient's benefit package, or not provided to a Plan

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

beneficiary.

### NINTH AFFIRMATIVE DEFENSE
(No Statutory Violations)

To the extent Salinas asserts its claim premised on Monterey's alleged failure to comply with obligations created by statute, Monterey complied with all statutory and regulatory obligations required of self-funded benefit plans under applicable state and federal law. To the extent Salinas alleges non-compliance with either the ERISA and the ACA requiring Monterey to reimburse Salinas for services and care provided to Plan beneficiaries covered under the self-funded plan, Monterey has fully complied with these provisions.

### TENTH AFFIRMATIVE DEFENSE
(Misrepresentations and Deceit)

Salinas is not entitled to the relief requested in its First Amended Complaint because any obligations of Monterey to Salinas have been excused by acts of misrepresentation and deceit practiced by Salinas on Monterey. Monterey incorporates by reference all facts, allegations, comments, and statements alleged in its eighth affirmative defense.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unreasonable Charges)

Salinas cannot recover its billed charges from Monterey because the billed charges are neither reasonable nor customary. Salinas's billed charges are greater than what a reasonable buyer would pay a reasonable seller in an arms-length negotiation. Rather, Salinas is only entitled to maximum amounts allowable as stated in the Summary Plan Description. As such, charges in excess of the maximum amounts allowable are not covered under the Plan.

Moreover, Salinas' billed charges for the items, services, or supplies billed to Monterey have no rational relationship to the actual costs for those specific items, services, or supplies provided to the patients. Salinas' billed charges are much greater than the costs of the healthcare services provided by an efficient provider treating similar patients. Thus, Salinas' billed charges cannot be charged to Monterey's self-funded plan as a matter of law.

Finally, Monterey never agreed to pay Salinas for the items, services, or supplies provided to

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

the patients at Salinas' billed charge rates. Rather, the Plan's Summary Plan Description state that the Plan does not cover "[t]he part of an expense for care and treatment of an Injury or Sickness that is in excess of the Allowable Charge." Here, Salinas's billed charges exceeded allowable charges under the Summary Plan Description. Therefore, Salinas is not entitled to reimbursement for services it rendered to Plan beneficiaries to the extent Salinas' billed charges exceed the Summary Plan Description's allowable charge rates.

### TWELFTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

Salinas' claims are barred, in whole or in part, because any such recovery would be a windfall resulting in the unjust enrichment to Salinas. Salinas is only entitled to maximum amounts allowable for items, services, or supplies that were authorized, medically necessary, and provided to Plan beneficiaries as stated in the Summary Plan Description. Furthermore, Salinas seeks gross billed charges without considering that Monterey's payment was the total amount owed because the payment equaled the maximum amounts allowable for the applicable items, services, or supplies provided to the patients as stated in the Summary Plan Description.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Lack of Standing)

The First Amended Complaint, and each cause of action it alleges, fails because Salinas lacks standing to assert these claims against Monterey. Specifically, Salinas lacks standing to sue Monterey because Salinas obtained assignment of benefits from Plan beneficiaries which entitle Salinas to the payment of benefits and does not grant Salinas any other benefits, rights or responsibilities that are otherwise possessed by the Plan beneficiaries.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Remedies)

Salinas' claims are barred, in whole or in part, to the extent Salinas failed to exhaust any available administrative remedies before pursuing this action. Under Monterey's self-funded plan, which applies to Salinas under the executed assignment of benefits, "[b]efore filing a lawsuit, the Claimant [Salinas] must exhaust all available levels of review . . . , unless an exception under

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

applicable law applies." Here, Salinas has no available "exception under applicable law." As a result, Salinas' claims are barred, in whole or in part, because Salinas failed to exhaust the administrative remedies provided by Monterey's self-funded plan as stated in the Summary Plan Description.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Exclusions & Limitations)

Salinas' claims are barred, in whole or in part, by the terms, definitions, exclusions, and limitations of Monterey's self-funded plan contained in the Summary Plan Description, which applies to Salinas under the executed assignment of benefits. Benefits available under the plan "are subject to the limitations" of the Summary Plan Description. These limitations include, but are not limited to, "the Plan Administrator's determination that: care and treatment is Medically Necessary; [and] that charges are reasonable and customary," meaning the charges qualify as "allowable charges" as defined by the Summary Plan Description. The Summary Plan Description's exclusions further state that the plan does not cover "[t]he part of an expense for care and treatment of an Injury or Sickness that is in excess of the Allowable Charge." Salinas' billed charges exceeded the Summary Plan Description's definition of allowable charges and reimbursement maximums. Therefore, Salinas is not entitled to payment of benefits it the extent Salinas seeks amounts in excess of the Plan's benefits.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Other Responsible Payors)

To the extent other health coverage was available to Plan beneficiaries pursuant to other health plans or insurance policies, whether made part of the present action or not, doctrines of equity and the specific terms of the alleged issued health plans or insurance policies reduce or eliminate any obligation allegedly owing to Salinas by Monterey.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Failure to Join a Necessary or Indispensable Party)

The First Amended Complaint fails to name the independent administrator of Monterey's self-funded plan as defendants. Such parties include, but are not limited to, those individuals or entities responsible for confirming a patient's membership in Monterey's self-funded plan, reviewing claims for services submitted to the plan, and/or the approval or denial of said claims. Salinas' failure to

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

1   name or join one or more indispensable parties to this action prevents the court from providing Salinas

2   with complete relief. Additionally, failure to name or join an indispensable party or parties impairs

3   or impedes the ability of those parties to protect any interest they may have in this litigation and

4   leaves Monterey at substantial risk of incurring double or otherwise inconsistent obligations.

5               EIGHTEENTH AFFIRMATIVE DEFENSE
6          (Recovery from Other Parties/Contribution/Improper Party)

7          Monterey alleges the amounts, if any, potentially and allegedly recoverable directly from

8   Monterey must be reduced or off-set by recoveries Salinas already obtained from other sources. These

9   sources include, but not limited to, Salinas' patients, responsible third party tortfeasors, automotive

10  or workers' compensation insurance policies, and any other health policies or plans. Salinas is not

11  entitled to the relief requested in its First Amended Complaint because Salinas has brought suit

12  against the wrong responsible party for any damages and/or loss, if any, as alleged in the First

13  Amended Complaint. Should Salinas recover any damages from Monterey, Monterey is entitled to

14  contribution and/or indemnification, in whole or in part, from other persons or entities whose fault

15  legally contributed to Salinas' alleges damages or loss, if any.

16              NINETEENTH AFFIRMATIVE DEFENSE
17                    (Failure to Mitigate)

18         Salinas is not entitled to the relief requested in its First Amended Complaint because Salinas

19  has failed to mitigate any damages and/or loss, if any, as alleged in the First Amended Complaint.

20  Salinas' failure to mitigate damages, includes but is not limited to: failing to obtain authorization for

21  the items, services, or supplies; failing to submit complete and timely claims consistent with both

22  state and federal statutory and regulatory requirements; and providing the patients with items,

23  services, or supplies that were not medically necessary and/or not consistent with industry standards.

24              TWENTIETH AFFIRMATIVE DEFENSE
25                   (Mistake of Fact or Law)

26         The First Amended Complaint, and each cause of action therein, is barred, in whole or in part,

27  by mistake of fact and law.

28  ///

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00139803.1

-35-

1

2

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Consent)

Salinas, by reason of its knowledge, statements and conduct, consented to all of the acts or omissions, if any, on the party of Monterey. The First Amended Complaint, and each cause of action therein, is barred, in whole or in part, by Salinas' consent.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Uncertainty)

Salinas is not entitled to the relief requested in the First Amended Complaint because the First Amended Complaint is uncertain. Salinas sets forth factual inconsistent, uncertain and insufficient facts that fail to constitute a cause of action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Preemption under ERISA section 514(a))

Salinas' claims are preempted by federal law, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA") section 514(a). Under ERISA section 514(a), if a plaintiff's claims relate to an employee benefit plan, as defined by ERISA section 1003(a) but not exempt under section 1003(b), ERISA preempts all laws that relate to that employee benefit plan. (29 USC § 1144(a).) Monterey provides a self-funded plan to its employees that meets the requirements of ERISA section 1003(a) and is not exempt under section 1003(b). Accordingly, laws that relate to this plan are preempted by ERISA. Salinas's First Amended Complaint asserts claims under ACA and California law that relate to Monterey's ERISA benefit plan. Under ERISA section 514(a), the ACA and California law claims Salinas believes exist against Monterey that relate to Monterey's ERISA benefit plan are preempted by ERISA.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Preemption under ERISA section 502(a))

ERISA section 502(a) establishes which parties have standing to initiate civil actions against ERISA employee benefit plans and enumerates the specific civil remedies available to recover benefits from those plans. (29 USC § 1132(a).) The civil remedies set forth in ERISA section 502(a) provide the exclusive means for a plan participant or beneficiary to recover benefits from an ERISA

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

employee benefit plan. If a plan participant or beneficiary has a claim under ERISA section 502(a) against an ERISA employee benefit plan, that party's claims are preempted. Instead, the plan participant or beneficiary must seek recovery from the ERISA employee benefit plan under a cause of action provided in ERISA section 502(a).

Monterey provides a self-funded plan that qualifies as an ERISA benefit plan. Because Monterey's self-funded plan is a qualifying ERISA employee benefit plan, ERISA section 514(a) provides that any claims Salinas believes exist regarding that plan are preempted by ERISA. (29 USC § 1144(a).) If Salinas seeks damages related to Monterey Peninsula's ERISA employee plan, it must do so under an ERISA section 502(a) cause of action. Salinas' First Amended Complaint asserts claims against Monterey Peninsula under the ACA and California law. These claims are not available under ERISA section 502(a). Accordingly, Salinas' ACA and California law claims against Monterey related to Monterey's ERISA benefit plan are barred since they are preempted by ERISA.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>
(Other Affirmative Defenses)

Monterey presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. Monterey reserves the right to assert and rely on any additional affirmative defenses that may become available or apparent during discovery and/or trial.

WHEREFORE, Monterey prays as follows:

1.     For a judgment whereby Salinas takes nothing against Monterey, and that Salinas be granted no relief by reason of its First Amended Complaint on file herein;

2.     For judgment in favor of Monterey on each of the causes of action stated in Salinas' First Amended Complaint;

3.     For attorney's fees incurred in defense of Salinas's First Amended Complaint;

4.     For costs of suit incurred herein, according to proof; and

5.     For such other and further relief as the Court may deem just and proper in the circumstances.

///

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

DATED: December 13, 2018      KENNADAY LEAVITT OWENSBY PC

By: _____

CURTIS S. LEAVITT
LANCE M. MARTIN
Attorneys for Defendants
MONTEREY PENINSULA
HORTICULTURE, INC. dba ROCKET
FARMS; and MONTEREY PENINSILA
HORTICULTURE / STEVEN ROBERTS
ORIGINAL DESSERTS, LLC, EMPLOYEE
BENEFIT PLAN

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00139803.1

-38-

MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST AMENDED COMPLAINT

1

## **PROOF OF SERVICE**

2

    At the time of service, I was over 18 years of age and not a party to this action. I am employed

3

in the County of Sacramento, State of California. My business address is 621 Capitol Mall, Suite
2500, Sacramento, CA 95814.

4

    On December 13, 2018, I served true copies of the following document(s) described as

5

**MONTEREY PENINSULA HORTICULTURE'S ANSWER TO SALINAS' FIRST
AMENDED COMPLAINT** on the interested parties in this action as follows:

6

7

Eric D. Chan
HOOPER, LUNDY & BOOKMAN, P.C.

8

1875 Century Park East, Suite 1600
Los Angeles, California 90067

9

echan@health-law.com

10

cc: Griselda Rodriguez (grodriguez@health-law.com)

11

12

[x]    **BY EMAIL:** I caused such documents to be served via electronic mail transmittal to the
offices of the email addresses herein described.

13

[ ]    **BY MAIL**: I enclosed the document(s) in a sealed envelope addressed to the persons at the

14

addresses listed herein and placed the envelope for collection and mailing, following our
ordinary business practices. I am readily familiar with Kennaday Leavitt Owensby PC's

15

practice for collecting and processing mail. On the same day that the correspondence is
placed for collection and mailing, it is deposited in the ordinary course of business with the

16

United States Postal Service, in a sealed envelope with postage fully prepaid.

17

    I declare that I am employed in the office of a member of the bar of this Court at whose

18

direction the service was made. Executed on December 13, 2018, at Sacramento, California.

19

*Erin Harris*

20

_____
Erin Harris

21

22

23

24

25

26

27

28

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00139803.1

-39-