DANIEL A. PLATT (SBN 132665)
dplatt@loeb.com
ARTHUR FELS (SBN 294802)
afels@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Third Party Defendant
EMPLOYEE BENEFIT
MANAGEMENT SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,<br><br>Plaintiff,<br><br>vs.<br><br>MONTEREY PENINSULA HORTICULTURE, INC. d/b/a ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC./STEVEN ROBERTS, ORIGINAL DESSERTS, LLC EMPLOYEE BENEFIT PLAN; EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.; ANASAZI MEDICAL PAYMENT SOLUTIONS, INC. d/b/a ADVANCED MEDICAL PRICING SOLUTIONS;<br><br>Defendants. | Case No.: 5:17-cv-07076-VKD<br><br>Hon. Mag. Judge Virginia K. DeMarchi<br><br>Date: April 2, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 2<br><br>**THIRD-PARTY DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS MONTEREY PENINSULA HORTICULTURE, INC.'S THIRD-PARTY COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Complaint Filed: December 13, 2017<br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 2, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 2 of the San Jose Courthouse at 280 South 1st Street in San Jose, California, third-party defendant Employee Benefit Management Services, Inc. ("EBMS") will, and hereby does, move this Court for an order dismissing defendant and third-party counterclaimant Monterey Peninsula Horticulture, Inc. dba Rocket Farm's causes of action for Breach of Fiduciary Duty, Breach of Written Contact, and Professional Negligence, to the extent they relate to EBMS, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief may be granted.

This motion is based upon this Notice of Motion, Motion, and Memorandum of Law, the concurrently filed Declaration of J. Matthew Johnson, all pleadings and papers on file in this action, any reply papers that may be filed in support of the Motion, and upon such other evidence and arguments as may be presented to the Court at the time of the hearing.

Dated: February 21, 2019

LOEB & LOEB LLP
DANIEL A. PLATT
ARTHUR FELS

By: /s/ Arthur Fels
ARTHUR FELS
ATTORNEYS FOR THIRD-PARTY COUNTER-DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17407183.4
231426-10003

1
NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

# MEMORANDUM OF LAW

## I.   INTRODUCTION

Defendant and counterclaimant Monterey Farms Peninsula Horticulture, Inc. dba Rocket Farms ("Rocket Farms") filed its third-party complaint (the "TPC") against, among others, third party counter defendant Employee Benefit Management Services, Inc. ("EBMS")[1] based on claims arising out of an Administrative Services Agreement ("ASA") among them. The ASA requires the parties to mediate before filing a lawsuit. Because Rocket Farms never initiated such a procedure, the claims are not ripe and the TPC should be dismissed as to EBMS.

## II.   FACTS ALLEGED IN THE TPC

Rocket Farms alleges, in relevant part, that it retained EBMS to act as a third-party administrator for the Monterey Peninsula Horticulture/Steven Roberts Original Desserts, LLC, Employee Benefit Plan (the "Plan"). (TPC, ¶ 5.) The relationship between Rocket Farms and EBMS was governed at all times by the ASA, which "listed EBMS'[s] duties and responsibilities as Claim Administrator." (TPC, ¶ 21.) The ASA specifically provides that "[t]his agreement, together with the Schedule(s) and any Amendments, constitutes the entire Agreement between [EBMS] and [Rocket Farms] with respect to the subject matter hereof, and supersedes all prior proposals, discussions, negotiations, and writings between the parties relating to such subject matter."[2] In addition to adjusting, reviewing, and paying claims, EBMS's duties under the ASA included "preparing the SPD [Summary Plan Description], processing

---

[1] EBMS has also been named as a defendant, but has not been served.

[2] Although referenced extensively by Rocket Farms in the TPC, Rocket Farms did not attach the ASA as an exhibit to the TPC. The Court may consider the contents of the ASA because it is "integral to the plaintiff's claims" and is referred to extensively in the TPC. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706, fn. 4 (9th Cir. 1998); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (the court may "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document.") (Internal citations omitted). The ASA is attached to the Declaration of J.M. Johnson ("Johnson Decl."), filed concurrently herewith, as Exhibit A.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17407183.4
231426-10003

2

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

and adjudicating all claims, reviewing and responding to appeals regarding benefit determinations, facilitating reviews by independent review organizations, and answering medical benefit and claim questions." (TPC, ¶ 21.)

Section 11.01 of the ASA provides:

> **Dispute Resolution**. Plan Sponsor [the Plan] and Contract Administrator [EBMS] will <u>meet and confer in an attempt to resolve any dispute arising out of or relating to this Agreement</u>. A dispute not resolved within 60 days of this meeting will be <u>submitted to mediation</u>. . . . * * * If the dispute is not resolved through mediation, the parties will be free to pursue all legal and equitable remedies otherwise available. . . . (Emphasis added.)

Rocket Farms alleges EBMS is liable to it for failing to perform its duties under the ASA, or for failure to do so with the required professional skill and care which arises out of the ASA. (*See, e.g.*, TPC, ¶¶ 59-62.) As a result of EBMS's alleged failure to perform according to the ASA, Rocket Farms alleges that it "suffered damages in excess of $1.6 million, plus costs and interest thereon." (TPC, ¶¶ 39, 62, 83.)

### III. ARGUMENT

#### A. The Legal Standard on a Motion to Dismiss.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is similar to the common law general demurrer in that it tests the legal sufficiency of the claims stated in a plaintiff's complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011); *SEC v. Cross Fin'l Services, Inc.*, 908 F.Supp. 718, 726-27 (CD Cal. 1995); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (CD Cal. 1995). A "claim" for purposes of Fed. R. Civ. P. 12(b)(6) refers to a set of facts that, if established, entitle the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is warranted under 12(b)(6) when the complaint either fails to allege a cognizable legal

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17407183.4
231426-10003

3

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

theory or is plagued by the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *See Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162-63 (C.D. Cal. 2010). However, "the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* at 1162-63 (internal quotations omitted); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### B. The ASA Mandates Dismissal Because Rocket Farms Failed to Mediate.

If a contract requires mediation as a condition precedent to litigation, any action brought prior to mediation is subject to dismissal. *See e.g. Brosnan v. Dry Cleaning Station Inc.*, No. C-08-02028 EDL, 2008 U.S. Dist. LEXIS 44678, at *2 (N.D. Cal. June 6, 2008) ("Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal."); *Dalameter v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1180-81 (E.D. Cal. 2010) (dismissing lawsuit where "[t]here [was] no dispute that the parties have not engaged in mediation" because "[f]ailure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal.").

As noted above, the ASA states that "the parties will be free to pursue all legal and equitable remedies otherwise available" <u>only after</u> participating in a mediation according to the AAA Rules of Procedure for Mediation. (Johnson Decl., ¶ 2, Ex. A at § 11.01.) The ASA further mandates that the "parties meet and confer in an attempt

4

17407183.4
231426-10003

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

to resolve any dispute arising out of or relating to this Agreement" prior even to engaging in a mediation. *Id.*

The parties did not mediate, and the TPC does not allege so. (Johnson Decl., ¶ 3.) The case is therefore not ripe and must be dismissed. *See, Brosnan,* 2008 U.S. Dist. LEXIS at *2; *Dalameter,* 722 F. Supp. 2d at 1180-81.

## IV. CONCLUSION

Rocket Farms has failed to mediate this dispute as required by the ASA. Accordingly, Rocket Farms' TPC, as it relates to EBMS, is not ripe and must be dismissed.

Dated: February 21, 2019

LOEB & LOEB LLP
DANIEL A. PLATT
ARTHUR FELS

By:  /s/ Arthur Fels
　　　ARTHUR FELS

ATTORNEYS FOR THIRD-PARTY COUNTER-DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

17407183.4
231426-10003

5
NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on February 22, 2019.


Dated: February 22, 2019                    /s/ Bernard Given
                                            Bernard Given

6

17407183.4
231426-10003

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF LAW

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations