KENNADAY LEAVITT OWENSBY PC
CURTIS S. LEAVITT (SBN 162032)
cleavitt@kennadayleavitt.com
JACK A. JANOV (SBN 105888)
jjanov@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California 95814
Telephone:    (916) 732-3060

Attorneys for Defendants
Monterey Peninsula Horticulture, Inc. dba Rocket Farms / Steven Roberts Original Desserts, LLC, Employee Benefit Plan.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,<br><br>         Plaintiff,<br><br>    v.<br><br>MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN,<br><br>         Defendants.<br> | Case No. 5:17-cv-07076-LHK<br><br>Judge: The Honorable Lucy H. Koh<br>Courtroom: 8<br><br>**DEFENDANT / THIRD-PARTY PLAINTIFF MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS' OPPOSITION TO THIRD-PARTY DEFENDANT EBMS' MOTION TO DISMISS**<br><br>**Date: June 6, 2019**<br>**Time: 1:30 pm**<br>**Dept: Ctrm. 8, 4th Fl.**<br><br>Complaint Filed: December 13, 2017<br>FAC Filed: June 14, 2018<br>Third-Party Compl. Filed: December 13, 2018<br><br>Trial Date: None set. |
| MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN,<br><br>         Third-Party Plaintiffs,<br><br>    v.<br><br>EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC., CLAIMS DELEGATE SERVICES, LLC, ADVANCED MEDICAL PRICING SOLUTIONS, INC., ALLIANT INSURANCE SERVICES, INC., AND ROES 1 through 10, inclusive,<br><br>         Third-Party Defendants. | |

00146132.1

MPHI (MONTEREY'S) OPPOSITION TO EBMS' MOTION TO DISMISS

**INTRODUCTION**

On February 22, 2019, Third-Party Defendant Employee Benefit Management Services, Inc. ("EBMS") filed a Motion to Dismiss ("MTD") Defendant / Third-Party Plaintiff Monterey Peninsula Horticulture, Inc. dba Rocket Farm's ("MPHI") Third-Party Complaint ("TPC") pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure "to state a claim upon which relief may be granted." [Dkt. No. 71.]  MPHI's TPC alleges three causes of action for (1) Breach of Fiduciary Duty, (2) Breach of Written Contact, and (3) Professional Negligence, against EBMS and Claims Delegate Services ("CDS"), Advanced Medical Pricing Solutions, Inc. ("AMPS') and Alliant Insurance Services, Inc. ("AIS"), which was filed on December 13, 2018.  [Dkt. No. 44.]  The gravamen of EBMS' MTD argues section 11.01 of a redacted, voluminous 47-page Administrative Service Agreement ("ASA") between EBMS and MPHI, attached to a defective declaration submitted concurrently with the MTD, "requires the parties to" … "submit to … mediation" before filing a "lawsuit" against each other, for "any dispute *arising out of or relating to* this [ASA] Agreement." [MTD, p. 3: 5-12.]  [MTD Declaration of Jonson, Exhibit "A," Dkt. No 71-1] (Italics added).

The EBMS MTD should be denied in its entirety on the following grounds:

EBMS states it is a named, unserved defendant in this lawsuit (See MTD, p. 2, fn. 1.) filed by Plaintiff Salinas Valley Memorial Healthcare System ("Plaintiff") in December 2017, long before MPHI filed the TPC on December 13, 2018 against EBMS.  Given that EBMS was already a named defendant before the TPC was filed, it cannot be concluded as a matter of law pursuant to FRCP 12(b)(6) that ASA section 11.01 imposes a contractual "mediation condition precedent' <u>to MPHI bringing a *cross-action* against EBMS.</u>  The parties did not intend this type of cross-action scenario to be covered by the narrow "arising out of or relating to" language of section 11.02 of the ASA.

Assuming *arguendo* that the MTD is not denied because EBMS was named as a defendant in this action long before it was sued by MPHI, the triggering clause of section 11.02 of the ASA ("*any dispute arising out of or relating to this agreement*") also does not substantively apply to MPHI's TPC against EBMS, because on its face section 11.02 is limited to disputes only *between* MPHI and EBMS about the *execution* of the ASA agreement, vis-à-vis each other.

Alternatively, EBMS' MTD should be denied as an improper summary judgment motion.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

The overwhelming number of disputed factual issues raised by EBMS' submission of an incomplete, redacted 47-page ASA agreement to support its FRCP 12(b)(6) MTD exceeds the proper scope of a FRCP 12(b)(6) Motion. Similarly, the ostensible February 2018 fact declaration of J. Michael Johnson (employed by EBMS for only nine-months) submitted by EBMS with this ASA agreement in support of the MTD is inadmissible and defective: the ASA base contract is unsigned by EBMS, the declarant lacks personal knowledge about 2014 pre-ASA discussions, ASA negotiations, ASA drafting, ASA implementation, the execution of the ASA, and application of the ASA starting from July 1, 2014 and continuing for the past four years.

## FACTUAL BACKGROUND

The key allegations from the lengthy 51-page First Amended Complaint ("FAC") are condensed below to illustrate how the FAC, as well as MPHI's *cross-action* TPC, each *primarily* focus on the same issue: the improper creation, improper structure, and the improper terms, conditions and contents of the subject Rocket Farms ERISA Plan; rather than the *proper* terms and conditions thereof were *not* followed. Given such, the TPC is not a lawsuit filed against EBMS, concerning a dispute *between* MPHI and EBMS, over how Plaintiff's hospital claims were allegedly adjudicated and paid pursuant to the MPHI. Indeed, the basis of the FAC is that *Plaintiff* alleges underpayment *because* the terms and conditions of the *allegedly defective* ERISA Plan documents *have been followed*. Accordingly, MHPI's TPC merely protects its legal rights *if* indeed plaintiff's allegations are proven factually correct, as it is undisputed that only EBMS and the three other third-party defendants (not MPHI) created, set-up and commenced the subject Rocket Farms ERISA plan. From a practical perspective, it is impossible for MPHI and EBMS to first "mediate" the FAC allegations, as this is not a dispute between MPHI and EBMS. If EBMS (and the other three third-party defendants) created a Rocket Farms ERISA plan that does not comply with Federal ERISA and ACA law cited, the responsibility for such lies with EBMS and the other third-party defendants.

Overview of Plaintiff's Allegations: The FAC seeks to "recover over $1.4 million in underpaid healthcare services" that it "provided to employees of [MPHI] and their family members over a three-year period," starting on "July 1, 2014." [FAC, para. 1-2.] It alleges "[MPHI] retained a small army of consultants, with names such as 'EBMS,' 'CDS,' and 'AMPS,' whose sole function

was to deny any additional payment to the Hospital for services rendered, including by rejecting each of the Hospital's hundreds of appeal letters. All of these entities were all agents of Rocket Farms and the Plan, and acted on behalf of [MPHI] and the Plan at all times." [*Id.,* para. 5.] It also alleges "[MPHI]'s actions violate the Employee Retirement Income Security Act (ERISA), the terms of its own ERISA-governed healthcare benefit plan, and the Affordable Care Act (ACA) – and in particular, the Maximum-Out-of-Pocket (MOOP) limitations that ACA imposes on patient financial responsibility." [*Id.*, para. 8.] [MPHI] has also harmed the Hospital through its intentional and/or negligent misrepresentations about its employees' healthcare benefits during the Self-Funded Period. [*Id.*, para. 9.] It further alleges "[Plaintiff] brings this lawsuit to recover its reasonable and customary charges for the three years at issue, as well as 100% of its bills in instances where the MOOP thresholds under the Plan and/or set by [the] ACA have been exceeded …" [*Id.*, para. 10.]

Plaintiff's Specific ERISA Allegations:    The FAC alleges "[MPHI]'s Employee Benefit Plan is a self-funded ERISA health benefits plan, and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). […] Defendant [MPHI] was the sponsor of the … Employee Benefit Plan, with ultimate responsibility for paying all claims under the Plan during the relevant time period. The Hospital is further informed and believes that [MPHI] was the designated Plan Administrator for the Plan – as that term is understood under ERISA – during the relevant time period. The Hospital is informed and believed that all of the patients … who received services during the Self-Funded Period were beneficiaries and/or participants of the Plan at the relevant times when their services were rendered." [*Id.* para. 16.] It also alleges [MPHI] was … persuaded by a number of unreliable consultants and brokers to adopt a self-funded model as a means to "save money" on its employees' healthcare costs […] [*Id.*, para. 32.]   It further alleges, "[a]ided by a small army of consultants employing a complicated set of excuses, Rocket Farms rigged the Plan's reimbursement process so that the Plan did not, in fact, have to pay Reasonable & Customary. […] [*Id.,* para. 38.]   It also contends the "Summary Plan Description – which is an ERISA-mandated disclosure that Rocket Farms provided to its employees to explain what their benefits were under the Plan – confirmed that Plan benefits should be paid at Reasonable and Customary. [*Id.*, para. 66.]

///

The FAC also states "Defendants' exclusive reliance upon … buried [compensation] provisions [in the ERISA documents]" is in violation of ERISA's legal disclosure requirements. [*Id.*, para. 91.] It also contends "ERISA requires that benefit plans provide participants with an SPD and a "summary of any material modification in the terms of the plan" [*Id.*, para. 92.], and that "ERISA requires that Summary Plan Description documents, like the ones here, "shall be written in a manner calculated to be understood by the average plan participant. […] The SPD must "be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." [*Id.*, para. 93.] Specifically, the FAC alleges federal "regulations implementing Section 1022 of ERISA unambiguously require that limitations and exclusions not be minimized or obscured." [*Id.*, para. 94.] Finally, it also alleges the [content of the] ERISA Plan documents have violated the [max out-of-pocket payment] of ERISA law. [*Id.*, para. 104 -193.]

Specifically, the first cause of action for violation of "ERISA Section 502(a)(1)(B)" further alleges a "structural conflict of interest" between the Plan components and Plan documents, and that "the other entities hired by Rocket Farms to make benefit decisions, EBMS AMPS, and CDS were directly responsible for setting up the Plan as a self-funded benefit arrangement" and these entities … (Bold added) (*Id.*, para 234 (b).)  It is alleged that "for these reasons, the "administrators (EBMS, AMPS, and CDS) had a vested interest in denying all of the Hospital's appeals and refusing to pay more than 140% of Medicare …" (*Id.*, para 235.)  The FAC also expressly clarifies that the above allegations regarding a structural conflict of interest are <u>not</u> a disguised claim for breach of fiduciary duty" by MPHI. (Underscore original) (*Id.*, para 236.) The second cause of action specifically alleges, based on Affordable Care Act "ACA Section 2707(b) via ERISA Section 502(a)(1)(B), that "the [ERISA] Plan has nevertheless violated – for dozens or hundreds of the Hospital's benefit claims – ACA's mandate that <u>self-funded ERISA plans</u> **offer** a MOOP applicable to all offered EHBs of no more than $6,350 in calendar year 2014, $6,600 in calendar year 2015, $6,850 in calendar year 2016, and/or $7,150 in calendar year 2017. (Emphasis added] (*Id.*, para. 242.)  Finally, the third and fourth causes of action for intentional and negligent misrepresentation, respectively, allege that all of these ERISA plan and SPD "structure" violations, and ERISA Plan and SPD "content" violations, were misrepresented to and concealed from Plaintiff. (*Id.*, para 248 to 263.)

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

Accordingly, the FAC alleges that Defendant MPHI's ERISA Plan was defectively created, organized, and implemented, in violation of the ACA and ERISA law.  Although there are a few allegations of misfeasance by defendant MPHI, the vast majority and weight of the allegations in the FAC contend that EBMS, and the other three other third-party defendants, CDS, AMPS, and AIS, conceived, created and launched a structurally defective ERISA Plan for MPHI that even when correctly applied (i.e., followed the provisions, rather than misapplied its provisions) caused harm to Plaintiff in the sum of $1.4 million. As the FAC alleges, Defendant MPHI maintains "significant agricultural operations" in "Salinas" and "Monterey County," and whose "products are readily available in many supermarkets across the country."  As such, not being in either the ERISA business or health insurance business, MPHS reasonably relied on EBMS, CDS, AMPS and AIS too conceive, create and establish an ERISA health plan for MPHI Rocket Farms.

## LEGAL STANDARD

A motion to dismiss pursuant to FRCP 12(b)(6) tests only the *legal sufficiency* of the claims stated in a complaint. (*Conley v Gibson*, 355 U.S. 41. 45-46, 78 S.Ct. 99, 102 (1957); *De La Cruz v. Tormey*, 582 F.2d 45, 48; *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995).  In deciding a motion to dismiss, courts accept as true all factual allegations and reasonable inferences in favor of plaintiff. (*Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 7 2d 1157, 1162-63 (C.D.Cal. 2010).  Dismissal is warranted under FRCP 12(b)(6) only if the complaint fails to sufficiently allege a cognizable legal theory. (*Shroyer v. New Cingular Wireless Services, Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010); *Cahill v Liberty Mut. Ins. Co*, 80 F.3d 336, 337-338 (9th Cir. 1996).

## ARGUMENT

**1. THE OPERATIVE PHRASE IN THE MEDIATION SECTION 11.01 OF THE ADMINISTRATIVE SERVICES AGREEMENT, "RESOLVE ANY DISPUTE *ARISING OUT OF OR RELATING TO* THIS AGREEMENT," DOES NOT APPLY TO DEFENDANT MPHI'S THIRD-PARTY COMPLAINT AGAINST EBMS**.

A. <u>MPHI Does Not Assert a Dispute "Arising Out of or Relating to" the ASA against EBMS.</u>

The Mediation provision in section 11.01 does not apply because MPHI's TPC does not constitute a dispute "arising out of or relating to" the ASA agreement between MPHI and EBMS. On

its face section 11.01 is limited to disputes only *between* MPHI and EBMS about the *execution* or handling of the subject matter within the ASA agreement, vis-à-vis each other.

In *Simula, Inc. v Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999), in the context of a motion to compel plaintiff to arbitrate claims, the Ninth Circuit held that the phrase "arising out of or relating to" such as it contained in section 11.01 of the ASA, is not as broad as the phrase "arising in connection with" a contract between a plaintiff and a defendant. (*Id.* at 721, citing *Good(E) Business. Systems, Inc. v. Raytheon Co.*, 614 F.Supp. 428, 429 (W.D.Wis.1985).) Even the broader phrase ("arising in connection with") only reaches "dispute[s] *between the parties* having a significant relationship to the contract and all *disputes having their origin or genesis in the contract*. (*Id.*) [Italics added] Similarly in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 4-5, 103 S.Ct. 927 (1983), also in the context of a motion to compel arbitration, the U.S. Supreme Court referred to the standard clause for claims "arising out of, or relating to" a Contract as a narrow provision "for resolving disputes arising out of the contract or its breach."

Given the weight of authoritative federal case law concluding there are significant, subtle factual issues and distinctions between the scope of the narrower ASA phrase, "arising out of or relating to," and the broader phrase, "arising in connection with" a contract, it cannot be concluded as a matter of law pursuant to FRCP Rule 12(b)(6) that EBMS' present MTD should be granted.

B. <u>EBMS States it was Already a Party to the Within Lawsuit When MPHI Filed its TPC</u>.

EBMS' MTD states it was already named as a defendant in the lawsuit long before MPHI filed its TPC. This TPC is merely a *cross-action* to point the plaintiff, the court and the trier of fact to the entities truly responsible for the majority of the allegations in the FAC, assuming *arguendo* that such allegations have merit. Given that EBMS concedes it was already a named defendant in this action before the TPC was filed, it cannot be concluded as a matter of law pursuant to FRCP 12(b)(6) that ASA section 11.01 imposes a contractual "mediation condition precedent' before MPHI can bring a protective *cross-action* against EBMS. The parties did not intend this type of "procedural" scenario (i.e., where the hospital first sues MPHI for content and structural defects in the MPHI ERISA Plan; and MPHI merely files a cross-action against EBMS as the creator of said Plan) to be controlled by the "arising out of or relating to" language of the mediation section 11.01 of the ASA.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00146132.1

-6-

MPHI (MONTEREY'S) OPPOSITION TO EBMS' MOTION TO DISMISS

**2.    EBMS' MTD IS ACTUALLY A DEFECTIVE SUMMARY JUDGMENT MOTION.**

EBMS' MTD should be dismissed as an improvidently filed motion for summary judgment. The Court should also disregard the voluminous 47-page 2014 Administrative Services Agreement attached by EBMS to the defective declaration of J. Matthew Johnson, in support of EBMS' MTD. The overwhelming number of disputed factual issues raised by EBMS submitting a 47-page ASA agreement to support its FRCP 12(b)(6) MTD exceeds the limits of a FRCP 12(b)(6) Motion. Similarly, the ostensible February 2018 fact declaration of J. Matthew Johnson (who has only been employed by EBMS for nine months) submitted by EBMS with this ASA agreement in support of the MTD is inadmissible and defective: the declaration lacks personal knowledge about the ASA discussions, ASA negotiations, ASA drafting, ASA implementation, ASA application, and execution of the ASA starting from July 1, 2014 and continuing for the past four years.

First, Defendant MPHI has also separately filed Objections to the Declaration of Johnson, and the attached 2014 ASA. These objections include: The Johnson declaration lacks foundation and lack of personal knowledge concerning the relevant aspects of the 2014 ASA; the main base agreement is not signed by EBMS. Second, although the court may consider documents referred to in a complaint, it should do so only if it can be concluded as a matter of law that the Complaint does state facts sufficient to constitute a cause of action. (*Knievel v ESPN*, 393 F3d 1068, 1076-1077 (9th. Cir. 2005) In doing so, any ambiguities and presumptions must be resolved in plaintiffs' favor. (*International Audio-text Network, Inc. v AT&T Co*. 62 Fed 69, 72 (2nd Cir. 1995) Furthermore, documents outside the pleadings should not be used as the basis to grant a motion to dismiss where the meaning and application of the document is "contested" and "subject to reasonable dispute." (*Sherman v Striker*, 2009 WL 2241664 *2 (C.D.Cal. 2009) citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) and Fed.R.Evid. 201; also see *McColgan v Mutual of Omaha. Ins. Co*., 4 F.Supp.3d 1228, 1231 (E.D.Cal. 2014). Otherwise, if "matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (Italics Original)  (See *Lee v. City of Los Angeles,* 250 F.3d at 689.)

Here, the redacted version of the 2014 Administrative Services Agreement between MPHI

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

and EBMS is attached to EBMS' MTD is not properly subject to Judicial Notice under Federal Rules of Evidence 201. The contextual meaning, application and intent of the parties regarding the phrase "arising out of or relating to" the ASA, is also "contested" and "subject to reasonable dispute" by Defendant MPHI. Accordingly, the ASA should not be considered pursuant to FRCP 12(b)(6), without the MTD being converted into a summary judgment motion pursuant to all of the procedural and substantive protections and requirements of FRCP Rule 56.

But if this opposition is denied, the Objections to the ASA and declaration are overruled, and the redacted 47-page ASA are considered within the limited context of EBMS' FRCP 12((b)(6) MTC, MPHI argues there are many disputed factual issues concerning the following provisions:

1. ASA Section 2.01(a) states, EBMS will assist in the preparation of the Plan documents, benefits summaries, and materials necessary to operate the Plan. (ASA, p. 2);

2. ASA Section 2.01(b) states, the EBMS agrees to process and adjudicate all claims presented for payment (ASA, p. 2);

3. ASA Section 2.01(c) states, EBMS agrees to respond to all appeals (ASA, p. 3);

4. ASA Section 2.01(k) states, EBMS agrees to assist with the establishment of rates and provide information on rates from other benefit programs; (ASA, p. 3);

5. ASA Section 2.03 states, EBMS shall cooperate with MPHI in the "defense of any actions arising out of matters related to this agreement." (ASA, p. 4.)

6. ASA Section 4.01 states, EBMS shall on a weekly basis provide MPHI with a list of claims approved for payment [by EBMS] under the Plan. (ASA, p. 5.)

7. ASA Section 5.05 states, EBMS is solely responsible for its own compliance with all laws, rules and regulations regarding its performance. (ASA, p. 6.); and

8. ASA Section 9.02 states, "EBMS shall indemnify and hold harmless [MPHI] against any expense, loss, lawsuit, settlement cost, penalty, damage, liability, claim or judgment, including reasonable attorneys' fees, resulting from the negligent acts or omissions or willful misconduct of the Contract Administrator [EBMS] […]." (ASA p. 8.)

Each of these listed sections from the ASA create disputed factual issues that are inappropriate for resolution by a FRCP 12(b)(6) MTD. The section 9.02 "indemnity" provision, and the section

1  5.05 "responsible for own acts" provision, alone raise sufficient disputed facts such that this court

2  should not conclude as a matter of law that the TPC fails to allege facts sufficient to state a claim.

### CONCLUSION

Defendant MPHI respectfully requests that EBMS' MTD be denied in its entirety because: (1) the MPHI *cross-action* TPC does not assert a dispute *between* MPHI and EBMS "arising out of or relating to" the ASA; (2) EBMS states it was already a named defendant in this lawsuit when MPHI's liability-shifting *cross-action* was filed, and (3) EBMS' motion is really a defective, improperly filed motion for summary judgment pursuant to FRCP Rule 56.

Alternatively, Defendant MPHI first requests that EBMS be required to withdraw its MTD and instead duly file a motion for summary judgment with all supporting documents required by FRCP Rule 56, instead of ruling on the instant MTD. Also alternatively, if the court finds that the TPC has insufficiently alleged facts to constitute *cross-action* claims against Defendant MPHI, then MPHI respectfully requests leave to amend to file an Amended Third Party Complaint against EBMS.

DATED: March 8, 2019              KENNADAY LEAVITT OWENSBY PC

By: _____/s/ Curtis Leavitt_____
CURTIS S. LEAVITT
JACK A. JANOV
Attorneys for Defendants/Third-Party Plaintiff
MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS; and MONTEREY PENINSULA HORTICULTURE / STEVEN ROBERTS ORIGINAL DESSERTS, LLC.

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 621 Capitol Mall, Suite 2500, Sacramento, CA 95814.

On March 8, 2019, I served true copies of the following document(s) described as **DEFENDANT / THIRD-PARTY PLAINTIFF MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS' OPPOSITION TO THIRD-PARTY DEFENDANT EBMS' MOTION TO DISMISS** on the interested parties in this action as follows:

[x]   **BY EMAIL:** I caused such documents to be served via electronic mail transmittal to the offices of the email addresses herein described.

Eric D. Chan
HOOPER, LUNDY & BOOKMAN, P.C.
1875 Century Park East, Suite 1600
Los Angeles, California 90067
echan@health-law.com
cc: Griselda Rodriguez (grodriguez@health-law.com)
Attorneys for Plaintiff SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,

Daniel A. Platt
Arthur Fels
LOEB AND LOEB LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA 90067
dplatt@loeb.com
afels@loeb.com
Attorneys for 3rd Party Defendant EBMS

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on March 8, 2019, at Sacramento, California.

_____
Erin Harris

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00146132.1                                                    -10-
MPHI (MONTEREY'S) OPPOSITION TO EBMS' MOTION TO DISMISS