KENNADAY LEAVITT OWENSBY PC
CURTIS S. LEAVITT (SBN 162032)
cleavitt@kennadayleavitt.com
JACK A. JANOV (SBN 105888)
jjanov@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California 95814
Telephone:     (916) 732-3060

Attorneys for Defendants
Monterey Peninsula Horticulture, Inc. dba Rocket Farms / Steven Roberts Original Desserts, LLC, Employee Benefit Plan.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN,<br><br>Defendants. | Case No. 5:17-cv-07076-LHK<br>Judge:  The Honorable Lucy H. Koh.<br>Crtrm:  8<br><br>**DEFENDANT / THIRD PARTY PLAINTIFF MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS' OBJECTIONS TO "DECLARATION OF J. MATTHEW JOHNSON SUBMITTED IN SUPPORT OF THIRD-PARTY DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.'S MOTION TO DISMISS DEFENDANT'S THIRD-PARTY COMPLAINT"** |
| MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC., CLAIMS DELEGATE SERVICES, LLC, ADVANCED MEDICAL PRICING SOLUTIONS, INC., ALLIANT INSURANCE SERVICES, INC., AND ROES 1 through 10, inclusive,<br><br>Third-Party Defendants. | **Date: June 6, 2019<br>Time: 1:30 pm<br>Dept: Ctrm. 8, 4th Fl.**<br><br>Complaint Filed: December 13, 2017<br>FAC Filed: June 14, 2018<br>Third-Party Complaint Filed: December 13, 2018<br><br>Trial Date: None set. |

00147127.1

Defendant / Third-Party Plaintiff Monterey Peninsula Horticulture, Inc. dba Rocket Farm's ("MPHI") interposes the following objections to the Declaration of J. Matthew Johnson, submitted in support of Third-Party Defendant Employee Benefit Management Services, Inc.'s ("EBMS") Motion to Dismiss ("MTD") and voluminous 47-pages of exhibits. [Dkt. No. 71]. MPHI respectfully requests that the Court sustain each of the following objections prior to ruling on EBMS' MTD, and to deny EBMS' Request for Judicial Notice with respect to the attached Exhibit. [Dkt. No. 71-1].

| Evidence Objected To | Legal Grounds for Objection | Court Ruling |
|---|---|---|
| 1. Declaration of J. Matthew Johnson submitted in Support of EBMS' Motion, to Dismiss MPHI's Third Party Complaint. | Objection is interposed because this declaration attached a 47-page Administrative Services Agreement ("ASA") which was not attached to MPHI's Third Party Complaint ("TPC").  In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and the documents attached thereto. *Van Burskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The only exceptions are documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)  This partial, unsigned, incomplete ASA should not be considered by the court pursuant to FRCP 12(b)(6). The Exhibit "A" is incomplete, with many of the pages lacking original consecutive pagination. | ___Sustained<br>___Overruled |
| 2. Declaration of J. Matthew Johnson submitted in Support of EBMS' Motion to Dismiss | Both the declarant (Johnson) and the declaration itself lack foundations and personal knowledge about the Administrative Services Agreement (Exhibit A) attached to the Declaration of J. Matthew Johnson.  This February 2019 declaration filed on 2/22/2019 [Dkt. No. 71-1] concedes | ____Sustained<br>____Overruled |

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

| Evidence Objected To | Legal Grounds for Objection | Court Ruling |
|---|---|---|
| MPHI's Third Party Complaint; and the Exhibit "A" (ASA Agreement) attached thereto. | the declarant was first hired by EBMS in June of 2018, less than a period of nine (9) months. Other than the declarant's custodial knowledge of being "familiar with and maintain[ing]" copies of "various agreements between EBMS and its clients," neither the declaration itself nor his nine-month employment tenure with EBMS commencing in June 2018 provides the requisite foundation and personal knowledge to make the ASA admissible.<br><br>1. In the ASA Exhibit "A," the main base agreement is not signed by EBMS (the signature line is blank on p. 10 [No. 71-1 14 of 52]. This omission is significant because the last sentence above the signature line <u>requires</u> both parties' signatures. [See Dkt. No. 71-1 ("*IN WITNESS THEREOF the parties hereto sign their names as duly authorized officers and have executed this agreement.*")<br><br>In contrast, Dkt. No 71-1, page 16 of 52, reflects an EBMS signature to an amendment "received" in 2015. Although the COBRA schedule is also signed, this is not the main base contract. [Dkt. No. 71-1 18 of 52.]<br><br>2. With Declarant Johnson commencing his EBMS employment in June 2018, he has no personal knowledge of the 2014 pre-execution discussions and drafts regarding the drafting of the ASA.<br><br>3. With Declarant Johnson commencing his EBMS employment in June 2018, he has no knowledge as to how the contract was implemented and applied for the first four years of the contract, from June 2014 to June 2018. This time period is the same as the | |

| Evidence Objected To | Legal Grounds for Objection | Court Ruling |
|---|---|---|
| | underpaid claim time period alleged in the FAC. | |
| | 4. With Declarant Johnson commencing his EBMS employment in June 2018, he has no knowledge as to each parties' narrow intent and/or meaning of the phrase, "any dispute arising out of or relating to this agreement." | |
| | 5. With Declarant Johnson commencing his EBMS employment in June 2018, he has no knowledge as to the implementation, application and execution of the patient claim payment adjudication terms in the ASA. | |

DATED: March 8, 2019                    KENNADAY LEAVITT OWENSBY PC

By: _____/s/ Curtis Leavitt_____
    CURTIS S. LEAVITT
    JACK A. JANOV
    Attorneys for Defendants
    MONTEREY PENINSULA
    HORTICULTURE, INC. dba ROCKET
    FARMS; and MONTEREY PENINSULA
    HORTICULTURE / STEVEN ROBERTS
    ORIGINAL DESSERTS, LLC, EMPLOYEE
    BENEFIT PLAN

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00147127.1                    -3-
MPHI'S OBJECTIONS TO THE DECLARATION OF J. M. JOHNSON & EXHIBIT ISO MOTION TO DISMISS

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 621 Capitol Mall, Suite 2500, Sacramento, CA 95814.

On March 8, 2019, I served true copies of the following document(s) described as **DEFENDANT / THIRD PARTY PLAINTIFF MONTEREY PENINSULA HORTICULTURE, INC.'S OBJECTIONS TO "DECLARATION OF J. MATTHEW JOHNSON SUBMITTED IN SUPPORT OF THIRD-PARTY DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.'S MOTION TO DISMISS DEFENDANT'S THIRD-PARTY COMPLAINT"** on the interested parties in this action as follows:

[x]   **BY EMAIL:** I caused such documents to be served via electronic mail transmittal to the offices of the email addresses herein described.

Eric D. Chan
HOOPER, LUNDY & BOOKMAN, P.C.
1875 Century Park East, Suite 1600
Los Angeles, California 90067
echan@health-law.com
cc: Griselda Rodriguez (grodriguez@health-law.com)
Attorneys for Plaintiff SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,

Daniel A. Platt
Arthur Fels
LOEB AND LOEB LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA 90067
dplatt@loeb.com
afels@loeb.com
Attorneys for 3rd Party Defendant EBMS

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on March 8, 2019, at Sacramento, California.

*Erin Harris*
Erin Harris