DANIEL A. PLATT (SBN 132665)
dplatt@loeb.com
ARTHUR FELS (SBN 294802)
afels@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Third Party Defendant
EMPLOYEE BENEFIT
MANAGEMENT SERVICES, LLC,
fka EMPLOYEE BENEFIT
MANAGEMENT SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MONTEREY PENINSULA HORTICULTURE, INC. d/b/a ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC./STEVEN ROBERTS, ORIGINAL DESSERTS, LLC EMPLOYEE BENEFIT PLAN; EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.; ANASAZI MEDICAL PAYMENT SOLUTIONS, INC. d/b/a ADVANCED MEDICAL PRICING SOLUTIONS;<br><br>　　　　Defendants. | Case No.: 5:17-cv-07076-LHK<br><br>Hon. Lucy H. Koh<br><br>Date: June 6, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Fl.<br><br>**REPLY IN SUPPORT OF THIRD-PARTY DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, LLC'S MOTION TO DISMISS MONTEREY PENINSULA HORTICULTURE, INC.'S THIRD-PARTY COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Complaint Filed: December 13, 2017<br>TPC Filed: June 14, 2018<br>Trial Date: None Set |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17492513.4
231426-10003

1
REPLY IN SUPPORT OF MOTION TO DISMISS

Third-party defendant Employee Benefit Management Services, LLC, fka Employee Benefit Management Services, Inc. ("EBMS") respectfully submits the following reply in support of its motion (the "Motion") to dismiss the third party complaint (the "TPC") of Monterey Farms Peninsula Horticulture, Inc. dba Rocket Farms ("Rocket Farms").

## I.   INTRODUCTION

Rocket Farms opposes the Motion on three grounds, all of which are either irrelevant or misplaced. First, it argues that the alternative dispute resolution ("ADR") requirement in the Administrative Services Agreement (the "ASA") does not apply to counterclaims. However, Rocket Farms cites to no authority or evidence in support of this position, and none exists.

Second, it contends that the Motion should be denied because the language of the ASA is not broad enough to encompass the allegations in the TPC. However, the only relationship between Rocket Farms and EBMS is contractual in nature, and the ADR provision is directly triggered by the causes of action asserted, e.g., the Second Cause of Action for Breach of the ASA.

Finally, Rocket Farms urges the Court to ignore the ADR clause provisions of the ASA because that provision, among others, is contested. That misses the point and, as set forth in detail below, is contrary to all controlling authority. The ASA is referenced in the TPC and it is therefore admissible in its entirety in support of this motion.

EBMS therefore respectfully submits that the ADR obligation is admissible, clear in its scope, binding and controlling, which mandates dismissal of this case as to EBMS.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17492513.4
231426-10003

2
REPLY IN SUPPORT OF MOTION TO DISMISS

## II. ARGUMENT

### A. It is Irrelevant that the Disputes Between Rocket Farms and EBMS are Styled as a Cross-Action.

Rocket Farms cites to no authority or evidence in support of its argument that "it cannot be concluded as a matter of law pursuant to FRCP 12(b)(6) that ASA section 11.01 imposes a contractual 'mediation precedent' before [Rocket Farms] can bring a protective *cross-action* against EBMS." (Opp. at 6, emphasis in original.) Not only is it not supported by any legal authority, but it is actually contradicted by the plain language of the ASA, which requires ADR of "***any*** dispute arising out of or relating to" the ASA (emphasis added). As noted below, the broad language of Section 11.01 of the ASA encompasses the dispute alleged in the TPC, such as the Second Cause of Action for breach of that very same ASA.[1]

### B. The Language of the ASA Encompasses the Allegations in the TPC.

As indicated in the integration clause in Section 9.5 of the ASA, the entire relationship between EBMS and Rocket Farms is controlled by the ASA. Section 11.01 of the ASA provides an ADR clause, which provides:

> **Dispute Resolution**. Plan Sponsor [the Plan] and Contract Administrator [EBMS] will <u>meet and confer in an attempt to resolve any dispute arising out of or relating to this Agreement</u>. A dispute not resolved within 60 days of this meeting will be <u>submitted to mediation</u>. . . . * * * If the dispute is not resolved through mediation, the parties will be free to pursue all legal and equitable remedies otherwise available. . . . (Emphasis added.)

---

[1] It should be noted that the Motion was not filed lightly or for purposes of delay. It was filed to permit the parties to try to resolve the dispute as specifically contemplated by the ASA in an expedited manner. It is also noteworthy that Rocket Farms has failed to offer an explanation as to why it did not follow the agreed upon ADR process.

Rocket Farms contends that the language "any dispute arising out of and relating to" should be interpreted narrowly to "resolv[e] disputes arising out of the contract or its breach." (Opposition of Rocket Farms to the Motion ("Opp.") at 6.) As a preliminary matter, this case arises directly from the ASA and its alleged breach. *See*, e.g., Second Cause of Action for Breach of the ASA.

Even if the TPC were twisted to the point of breaking to somehow not have claims directly arising out of the ASA, the cases cited by Rocket Farms lead to the opposite conclusion. For example, the Court in *Simula v. Autoliv, Inc.*, specifically noted that decisions analyzing the phrase "arising in connection with" in the context of an arbitration provision "ha[ve] interpreted that language broadly." 175 F. 3d 716, 721 (9th Cir. 1999). The court then held that this language "reaches every dispute between the parties having a significant relationship to the contract ***and*** all disputes having their origin or genesis in the contract." *Id*. (Emphasis added).

Nor does *Good (E) Business Systems, Inc. v. Raytheon, Inc.*, distinguish between the terms "relating to," as used in the ASA, and "in connection with," as used in *Simula*. 614 F.Supp. 428 (W.D. Wis. 1985). Instead, the court noted that the phrase "arising out of or relating to this Agreement, or the breach thereof" had been "broadly construed." *Id*. at 429. Clauses referring only to disputes "'arising under' or 'arising out of' the contract," on the other hand, "ha[d] been narrowly construed." This distinction does not apply to the ASA, which contemplates disputes "arising out of" the ASA, as well as those only "related to this Agreement," a plainly broader standard.

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.* also analyzed an arbitration clause that applied to "[a]ll claims, disputes and other matters in questions arising out of, or relating to this contract or the breach thereof." 460 U.S. 1, 5 (1983). Rather than conclude that this language was a "narrow provision 'for resolving disputes arising out of the contract or its breach,'" the Court merely held that the dispute at issue, which did arise under the subject contract, was within the intended scope. *Id*. Importantly, the Court also cautioned that "<u>any doubts concerning the</u>

17492513.4
231426-10003

4

REPLY IN SUPPORT OF MOTION TO DISMISS

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

scope of arbitral issues should be resolved in favor of arbitration." *Id*. at 25 (emphasis added).

This is consistent with a long line of authority broadly construing alternative dispute resolution clauses. In *State ex rel., Bullock v. Philip Morris, Inc*., the Montana Supreme Court[2] considered the scope of an arbitration clause using the identical language to the ASA. 217 P. 3d 475, 484 (2009). That court held that these terms "constitute the broadest possible language the parties could reasonably use to subject their disputes to that form of settlement, including collateral disputes." *Id*. (Quoting *Fleet Tire Serv. Of N. Little Rock v. Oliver Rubber Co.*, 118 F.3d 619, 621 (8th Cir. 1997)); *see also Collins & Aiman Prods. Co. v. Building Sys., Inc.*, 58 F. 3d 16, 20 (2d Cir. 1995) (holding that the phrase "any claim or controversy relating to the agreement," is "the paradigm of a broad clause.")

There can be no dispute that the allegations in the TPC have a significant relationship to the ASA. The Second Cause of Action for Breach of Written Contract relies directly on large sections of the ASA transposed into the pleading. (TPC at 16 (featuring photocopy of Section 2.1(a-f).) The first and third causes of action for Breach of Fiduciary Duty and Professional Negligence also refer directly to the ASA. (TPC at 10, 20 ("a. Drafting an SPD which violated federal law, including, but not limited to: (1) the ACA mandates, including the 'minimum value' provision and rendering the Plan unaffordable, and (2) ERISA, including the disclosure requirements for plan subjects.")) Under the broad language of the ASA, these disputes are subject to ADR and must be mediated before Rocket Farms may resort to litigation. As a result, EBMS respectfully requests that the case be dismissed as to EBMS.

---

[2] Section 9.01 of the ASA states that "[t]his agreement shall be governed by the laws of the State of Montana or, where applicable, federal law."

A Limited Liability Partnership
Including Professional
Corporations

17492513.4
231426-10003

5

REPLY IN SUPPORT OF MOTION TO DISMISS

### C. The ASA is Properly Before the Court.

As a preliminary matter, the Court may consider the ASA in deciding the motion to dismiss because the ASA itself is referenced in the TPC (*See*, Second Cause of Action for Breach of Written Contract.) *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (a court may consider documents not attached to a complaint if "the document's authenticity… is not contested and the plaintiff's complaint necessarily relies on them.") (Internal citations omitted); *see also, Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 385 (E.D.N.Y. 2005) ("Because the [document] is directly referenced in the complaint and is the basis of this action, the Court may consider the [document] in deciding the motion to dismiss.").

Rocket Farms seems to be challenging the ASA's authentication. The ASA has been properly authenticated. J. Matthew Johnson testified that he is Corporate Counsel and Vice President of Legal at EBMS, that he has personal knowledge of the testimony contained in his declaration, and that he is "familiar with and maintains, among other things, the various agreements between EBMS and its clients." That testimony is sufficient to establish foundation and admissibility of the ASA. (Opp. at 7.) *See Chau v. EMC Corp.*, No. C-13-04806-RMW, 2014 U.S. Dist. LEXIS 26381, at *12 (N.D. Cal. Feb. 28, 2014) (testimony of assistant general counsel, "based on his personal knowledge and his review of records kept in the ordinary course of business," sufficient to authenticate "Employee Agreement and Arbitration Policy."). Of course, there is no dispute that the ASA authenticated by Mr. Johnson is the same document upon which the TPC relies or that the ADR requirements as set forth in the Motion are accurate, and Rocket Farms does not argue that point.

Rocket Farms also presents a list of eight aspects of the ASA that it believes are factual in nature and therefore inappropriate for a court to review in the context of a motion to dismiss. (Opp. at 8).[3] This argument is irrelevant. EBMS is not offering

---

[3] To the extent the Court determines that the existence of the ADR provision is a fact issue and this matter should be decided as a summary judgment motion (EBMS

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17492513.4
231426-10003

6
REPLY IN SUPPORT OF MOTION TO DISMISS

to the Court a factual defense to the claims; it is arguing that a clause in the ASA, which is part of the pleadings, requires ADR before litigation in order to avoid burdening the Court with unnecessary litigation.

The ADR clause is not contested or subject to reasonable dispute and therefore must be given the broadest possible application, including to all of the issues identified by Rocket Farms in the TPC. *Moses H. Cone Memorial Hospital,* 460 U.S. at 5.

### III. CONCLUSION

For the foregoing reasons, and those contained in the Motion, EBMS respectfully submits that the TPC should be dismissed as to EBMS.

Dated:  March 15, 2019

LOEB & LOEB LLP
DANIEL A. PLATT
ARTHUR FELS

By:   /s/ Arthur Fels
ARTHUR FELS
ATTORNEYS FOR THIRD-PARTY COUNTER-DEFENDANT EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC.

---

does not believe it is), the Court has the authority to treat a motion to dismiss as a summary judgment motion under Fed. Rules Civ. Proc., Rule 56.  Fed. Rules Civ. Proc., Rule 12(d).

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

17492513.4
231426-10003

7

REPLY IN SUPPORT OF MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on March 15, 2019.

Dated:  March 15, 2019                    /s/    Arthur Fels
                                          Arthur Fels

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

17492513.4
231426-10003

8
REPLY IN SUPPORT OF MOTION TO DISMISS