1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

10

11  SALINAS VALLEY MEMORIAL              Case No. 5:17-cv-07076-LHK-VKD
    HEALTHCARE SYSTEM,
                                         **JOINT RULE 26(f) CASE STATUS**
12                                       **REPORT**
                Plaintiff,

13         v.
                                         Initial Case Management Conference:
14                                       Date:     April 17, 2019
    MONTEREY PENINSULA                   Time:     2:00 p.m.
15  HORTICULTURE, INC. dba ROCKET        Ctrm.:    8 (4th floor)
    FARMS; MONTEREY PENINSULA
16  HORTICULTURE, INC. / STEVEN
    ROBERTS ORIGINAL DESSERTS, LLC;      Judge: Honorable Lucy H. Koh
17  EMPLOYEE BENEFIT PLAN,
                                         Complaint Filed: December 13, 2017
18              Defendants.              Trial Date:      None Set

19
    MONTEREY PENINSULA
20  HORTICULTURE, INC.,

21              Third-Party Plaintiff,

22         v.

23  EMPLOYEE   BENEFIT   MANAGEMENT
    SERVICES,  INC.,  CLAIMS  DELEGATE
24  SERVICES, LLC, ADVANCED MEDICAL
    PRICING  SOLUTIONS,  INC.,  ALLIANT
25  INSURANCE SERVICES, INC.

26              Third-Party Defendants.

27

28

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, the Court's Case Scheduling Order dated December 12, 2017 [Dkt. No. 5], the Court's Scheduling Order dated December 18, 2018 [Dkt. No. 46], and the Court's Scheduling Order dated March 4, 2019 [Dkt. No. 76], Plaintiff Salinas Valley Memorial Healthcare System ("Plaintiff"), Defendant and Third-Party Plaintiff Monterey Peninsula Horticulture, Inc., dba Rocket Farms, Monterey Peninsula Horticulture, Inc. / Steven Roberts Original Desserts, LLC, and Employee Benefit Plan (collectively, "Defendant"), and  Third-Party Defendants Employee Benefit Management Services, Inc. ("EBMS"), Claims Delegate Services, LLC ("CDS"), Advanced Medical Pricing Solutions, Inc. ("AMPS"), and Alliant Insurance Services, Inc. ("Alliant") (collectively, "Third Party Defendants") (all together, the "Parties") respectfully submit this Joint Rule 26(f) Report in advance of the Case Management conference scheduled for April 17, 2019 at 2:00 pm.

There have been numerous discussions regarding the Rule 26(f) between counsel for Plaintiff and Defendants who originally held their first conference pursuant to Rule 26(f) on February 20 and 23, 2018, over the telephone and via e-mail, prior to a previously scheduled Case Management Conference that was subsequently taken off calendar; and then again on February 1, 2019.  Following the filing of Monterey Peninsula Horticulture's Third Party Complaint, counsel for Plaintiff, Defendants, and the Third Party Defendants then conferred pursuant to Rule 26(f) on Friday, March 1, 2019, Friday, March 22, 2019, and Friday, March 29, 2019 and discussed the following items.

1.    <u>Jurisdiction and Service:</u>

a.    <u>Subject Matter Jurisdiction</u>: The Court has original subject-matter jurisdiction over the Complaint under 28 U.S. section 1331 because this is a civil action involving a federal question; namely, because the action seeks to enforce provisions of ERISA (29 U.S.C. section 1132(e)(1)). Additionally, the Court has supplemental jurisdiction of this matter under 28 U.S.C. section 1367, because all other claims asserted by Plaintiff in the Complaint are so related to Plaintiff's claims arising under ERISA that they form part of the same case or controversy under Article III of the United States Constitution.

For the same reasons, Monterey Peninsula Horticulture contends that the Court also has

1  original subject-matter jurisdiction over the ERISA claims for breach of fiduciary duty alleged in

2  Monterey Peninsula Horticulture's Third Party Complaint.  Monterey Peninsula Horticulture also

3  contends that diversity jurisdiction exists under 28 U.S.C. section 1332 because this case is between

4  citizens of different states and the amount in controversy exceeds $75,000 to each of them.

5  Monterey Peninsula Horticulture also contends that supplemental jurisdiction exists because

6  Monterey Peninsula Horticulture's third-party claims are based on, arise from, and are factually

7  interrelated with the allegations of the Complaint.

8        b.   <u>Service</u>: Defendants have been served with the Complaint.  All Third Party

9  Defendants have been served with the Third Party Complaint.  No parties remain to be served.

10      2.   <u>**Facts:**</u>

11        a.  <u>**The First Amended Complaint**</u>

12      Plaintiff, Salinas Valley Memorial Healthcare System, is a public hospital district and health

13  system located on Monterey County. Plaintiff operates the Salinas Valley Memorial Hospital, a

14  266-bed acute care facility providing healthcare services and treatment to the Salinas Valley and

15  Monterey Peninsula. Salinas Valley Memorial Hospital provides emergency and inpatient

16  healthcare services to patients.

17      Defendant, Monterey Peninsula Horticulture is a grower of indoor flowers, fresh cut herbs

18  and potted edibles. Monterey Peninsula Horticulture is located in Northern California, with multiple

19  growing facilities across the San Francisco Bay Area to the Salinas Valley. From July 1, 2014

20  through June 30, 2017 (the "Self-Funded Period"), Monterey Peninsula Horticulture sponsored and

21  maintained a self-funded ERISA benefit plan (the "Plan") to provide healthcare to its employees.

22  The Plan was developed and administered by third-party administrators and vendors. Plaintiff

23  alleges that both before and after the Self-Funded Period, Rocket Farms purchased a group health

24  insurance policy for its employees, which is not self-funded.

25      During the Self-Funded Period, Monterey Peninsula Horticulture's employees and their

26  dependents covered under the Plan received healthcare services at Salinas Valley Memorial

27  Hospital, many of whom accessed the Hospital's emergency room.  The healthcare services

28  provided by Salinas Valley Memorial Hospital and received by Monterey Peninsula Horticulture's

1   employees and their dependents included outpatient emergency care, childbirth and deliveries, and
2   inpatient hospital stays.

3   The Plan paid roughly a third of the hospital's published charges submitted by Salinas
4   Valley Memorial Hospital during the Self-Funded Period.  Plaintiff and Defendant dispute whether
5   any additional payment is owed from Defendant. Defendants contend that no further payment is due
6   because the Plan paid for hospital services pursuant to the Plan's approved benefit structure.

7   **b.  The Third Party Complaint**

8   Monterey Peninsula Horticulture  sued Third Party Defendants EBMS, AMPS, CDS, and
9   Alliant for breach of fiduciary duty, breach of written contract, and professional negligence for
10  alleged wrongdoing relating to the facts alleged in the Complaint.  Monterey Peninsula Horticulture
11  contends, among other things, that the Third Party Defendants failed to disclose the true nature of
12  the self-funded Plan that the Third Party Defendants allegedly persuaded Monterey Peninsula
13  Horticulture to create; prepared a Summary Plan Description (SPD) that failed to comply with
14  ERISA requirements; failed to administer the Plan according to the governing Plan documents;
15  engaged in business practices inconsistent with their written service agreements; and "failed to
16  disclosure to Plan participants that virtually all significant claims administered by them would
17  subject participants to monetary liabilities for balances due providers who rendered healthcare
18  services" (Third Party Complaint, ¶ 26).

19  **3.  Legal Issues:**

20  **a.  The First Amended Complaint**

21  Plaintiff alleges the following causes of action in its First Amended Complaint (FAC): (1)
22  Benefits under Section 502(a)(1)(B) of ERISA; (2) Affordable Care Act (ACA) section 2707(b)
23  (Out of Pocket Maximum) via ERISA section 502(a)(1)(B); (3) Intentional Misrepresentation; and
24  (4) Negligent Misrepresentation.  The FAC has now survived two successive motions to dismiss.
25  (*See* Dkt. 29 (May 31, 2018 Order Granting in Part and Denying in Part Motion to Dismiss
26  Complaint); Dkt. 42 (November 29, 2018 Order Denying Motion to Dismiss First Amended
27  Complaint).)  There are two key legal issues of plan interpretation and/or statutory interpretation

28

1   that Plaintiff believes can be resolved fairly early in the case, and which will provide significant

2   clarity with respect to the First and Second Causes of Action pursuant to ERISA and ACA.

3   First, what must the Plan pay for large benefit claims that exceed the MOOP threshold –

4   either under the Plan itself (which has a MOOP provision), or under ACA's statutory, annually set

5   threshold?  As noted by the Court, the key legal issue is 'whether a "non-network providers' cost-

6   sharing exception under ACA, 42 U.S.C. § 18022(c)(3), applie[s]" with respect to medical services

7   rendered by the Hospital."  (Dkt. 42 at p. 24:1-5.) Monterey Peninsula Horticulture disputes this

8   issue.  Monterey Peninsula Horticulture contends that Salinas Valley Memorial Hospital is entitled

9   to no additional amounts.

10   Second, what is the appropriate level of payment under the plan for the Hospital's claims?

11   The Hospital contends that the Plan adopts, through its definition of the "Allowable Charge,"

12   California's state law standard for determining reasonable and customary charges.  The Hospital

13   further contends that certain Claims Review and Validation provisions violated ERISA's disclosure

14   principles and are therefore unenforceable.  Monterey Peninsula Horticulture contends, in contrast,

15   that the appropriate level of payment is the Plan's permitted payment levels as stated in the Plan's

16   SPD – either 140% or 150% of Medicare, and that the SPD's Claims Review and Validation

17   provisions control.  (*See generally* Dkt. 42 at p. 18-19 (discussing, but not resolving, the parties'

18   respective positions)).

19                          **b.  The Third-Party Complaint**

20   Defendant and Third-Party Plaintiff alleges the following causes of action in its Third-Party

21   Complaint: (1) Breach of Fiduciary Duty under Sections 502(a)(2) and (3) of ERISA; (2) Breach of

22   Written Contract; and (3) Professional Negligence.

23   Third-Party Defendant EBMS filed a Rule 12(b)(6) motion to dismiss the Third-Party

24   Complaint, which is set to be heard on June 6, 2019.

25   Third Party Plaintiff has granted Third Party Defendant Alliant an open extension of time to

26   file responsive pleadings to the Third Party Complaint until such time as the reciprocal summary

27   judgment motions of the Plaintiff and Defendant are decided.  This extension is based upon

28   Alliant's agreement to attend an early judicially-supervised settlement conference, and Alliant's

1  agreement to have its appearing counsel be the authorized agent for service of any subsequent
2  discovery requests directed to Alliant or its employees.  As to the merits, Third Party Defendant
3  Alliant contends that it is an insurance broker/consultant and denies the existence of any type of
4  fiduciary duty to Third Party Plaintiff under applicable law.

5        Third Party Defendants AMPS and CDS deny that they were responsible for the preparation
6  of the SPD and deny that they have breached any fiduciary duty.  They also deny that they breached
7  the written contract or that they fell below the standard of care.

8        **4.      Motions:**

9        The Court has ruled on successive motions to dismiss the Complaint and First Amended
10 Complaint, respectively.  On February 22, 2019, Third Party Defendant EBMS filed a Motion to
11 Dismiss the Third Party Complaint against it. A hearing is set for April 17, 2019, at 2:00 pm
12 before Judge Koh in Courtroom 8.

13       **5.      Amendment of Pleadings:**

14       The parties do not anticipate any additional parties being added to the case. The parties
15 proposed that the deadline for amending the FAC to identify DOE defendants be May 15, 2019,
16 consistent with the Case Management Schedule below (Section 17).

17       **6.      Evidence Preservation:**

18       The parties have reviewed the Guidelines Relating to the Discovery of Electronically
19 Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred
20 regarding the reasonable and proportionate steps taken to preserve evidence relevant to the issues
21 reasonable evidence in this action. Each party represents that it has initiated reasonable document
22 retention procedures so as to maintain any relevant documents, electronic or otherwise, or any
23 other relevant electronically recorded material until this dispute is resolved.

24       The parties agree that they will produce documents in PDF format with searchable text
25 (e.g., via Optical Character Recognition (OCR) or similar technology), or else, in native format,
26 pursuant to the Stipulated Protective Order that has been agreed to by the parties and entered by
27 the Court (Dkt. 22).

28

**7.**   **Disclosures:**

Plaintiff and Defendants exchanged initial disclosures on March 6, 2018, as ordered by the Court [Dkt. 5].  Third Party EBMS made its initial disclosures on April 5, 2019.  The remaining Third Party Defendants shall make their initial disclosures no later than May 17, 2019.

**8.**   **Discovery:**

a.   Discovery Taken to Date: Plaintiff and Defendants have served written discovery requests on each other.  Both have made document productions.  In all, Plaintiff has produced 17,235 Bates-labeled pages, including billing and medical records, appeal letters, and communications to and from the Plan and its administrators.  Plaintiff has also searched for and produced ESI, including e-mails, in response to Defendants' requests.

To date, Defendant has produced a total of 1,590 Bates-labeled pages, which largely consist of (1) the documents pursuant to which the Plan was governed during the Self-Funded Period; (2) agreements with various third parties, including Third Party Defendants EBMS and CDS, stop loss insurers, and reinsurance insurers, pursuant to which the Plan may have been governed during the Self-Funded Period; (3) and annual "Form 5500" disclosures submitted by Rocket Farms to the Department of Labor.  Defendants represent that they are in the process of searching for ESI in an effort to produce responsive documents.

Plaintiff also served a subpoena duces tecum on Tomi Winn, an executive at Third Party Defendant Alliant.  Ms. Winn complied by producing approximately two hundred e-mails and appearing at a deposition in Fresno, California on January 8, 2019.  Compliance with the subpoena is ongoing and is nearly complete.  Counsel for Ms. Winn (who is also counsel for Third Party Defendant, Alliant) produced some additional documents following the Fresno deposition.

Discovery in connection with the Third-Party Complaint will be conducted consistent with the scheduling order that will be issued by this Court.

b.   Scope of Anticipated Discovery:

i.  First Amended Complaint

Subjects of Discovery: The parties agree that a primary focus of discovery with respect to the FAC will be the administrative records for each of the benefit claims at issue, including records relating

to assignment of benefits, appeals and appeal denials, and billing and payment records for the claims at issue, as well as records for the telephonic coverage verification calls conducted by the Hospital prior to or around the time of each service provided to a member of the Plan, as those will form the basis of the Hospital's misrepresentation claims.   When Plaintiff sought this information from Defendants, however, it was informed that it did not have these documents and that they were in the possession of EBMS.

Another primary and ongoing focus of discovery are the e-mail communications between EBMS, AMPS, CDS, Alliant, Monterey Peninsula Horticulture, and/or the Hospital.  The Hospital contends that such e-mail correspondence is, in many cases, part of the administrative record under ERISA, and is also relevant to the issues of (1) Defendants' decision not to maintain a network of hospitals to provide emergency and inpatient hospitalization benefits available under the Plan and (2) the Hospital's reasonable and customary charges.

Another focus of discovery will be the determination of the UCR level of payment that Salinas Valley Memorial Hospital seeks. The relevant documents for this inquiry are Salinas Valley Memorial Hospital written contracts and agreements with healthcare insurers, health plans as well as government programs which memorialize the rates Salinas Valley Memorial Hospital is paid from other payors for healthcare services. These rates factor into the analysis to determining the appropriate UCR level of payment that the hospital contends it is owed.

ii.   Third Party Complaint

Subjects of Discovery: Third-Party Plaintiff Monterey Peninsula Horticulture intends to seek discovery on the following topics: communications between Monterey Peninsula Horticulture, Alliant, EBMS, CDS and AMPS regarding the creation and development of the Plan and SPD; communications between Salinas Valley Memorial Hospital, Monterey Peninsula Horticulture, Alliant, EBMS, CDS and AMPS regarding the administration of the Plan and payment for the healthcare claims; the administrative record for each claim at issue to determine whether or not the claim was properly processed and adjudicated under the Plan's SPD and in accordance to the administrative services agreement.

iii.      Methods of Discovery: The parties agree that the anticipated

methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admission, and Requests for Production; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff's employees and "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

iv.     Phases of Discovery: The parties agree that phased discovery will occur only as to the close of expert discovery following the close of non-expert discovery.

c.     <u>Whether the Parties Have Considered Entering Into a Stipulated E-Discovery Order</u>.  The parties have considered such an order, and will enter one if it appears that this matter will involve the production of significant volumes of ESI.  At the present time, the parties do not believe that this case involves significant volumes of ESI.

d.     <u>Proposed Limitations or Modifications of the Discovery Rules</u>: The parties agree to serve and accept documents including pleadings, discovery requests, and trial materials, through email, except to the extent that transmission of such documents electronically is impractical, in which event service shall be made by hand or mail. Service by email must occur before 6:00 p.m. PST, otherwise the discovery or other documents being served will count as service the next day.  For electronic service to be effective upon a given party, it should be served on all of the e-mail addresses for that party's counsel that are identified below:

|            |            |
|------------|------------|
| Plaintiff: | Eric Chan: echan@health-law.com |
|            | Griselda Rodriguez: grodriguez@health-law.com |
| Defendants: | Curtis Leavitt: cleavitt@kennadayleavitt.com |
|            | Jack Janov: jjanov@kennadayleavit.com |
|            | Lance Martin: lmartin@kennadayleavitt.com |
|            | Ileah Miller: imiller@kennadayleavitt.com |
|            | Erin Harris: eharris@kennadayleavitt.com |
| EBMS: | Daniel Platt: dplatt@loeb.com |
|            | Arthur Fels: afels@loeb.com |
| AMPS, CDS: | Heidi Quan: hquan@murchison.com |
| Alliant: | Anton Gerschler: anton@gerschlerlaw.com |

The parties do not propose any other limitations or modifications of the discovery rules.

a.    Proposed Discovery Plan: To the extent not otherwise addressed, the parties submit the following in accordance with FRCP 26(f):

i.    Claims of Privilege and Trial Preparation Materials: The parties agree to use the procedures set forth in FRCP 26(b)(5) regarding any claims of privilege or protecting materials asserted as bring for trial preparation. The parties will provide privilege logs to the extent that documents responsive to discovery are withheld on the basis of privilege. The parties have also agreed to enter into a stipulated protective order, to be issued by this Court, for the exchange of protected health information and confidential materials, as well as to resolve issues relating to the inadvertent disclosure of privileged documents.

b.    Potential Discovery Disputes: At this time, the parties do not anticipate any disputes regarding the anticipated discovery described above.

**9.    Class Actions:**

This is not a class action.

**10.    Related Cases:**

The parties are not aware of any related cases or proceedings pending before another judge of this court.

**11.    Relief:**

As stated in the FAC, Plaintiff seeks the following:

(1) Payment of $1,438,557.75, which represents the difference between the Plaintiff's full billed charges and the amount paid by Defendants pursuant to the Plan's SPD, or in an amount to be proved at trial (First Cause of Action);

(2) Payment at 100% of the hospital's charges <u>after</u> accounting for the Plan's deductible and the applicable maximum out-of-pocket threshold, in the total amount of $1,438,557.75 or an amount to be proved at trial (Second Cause of Action);

(3) Payment of 70% of Plaintiff's full billed charges up to $21,666, and 100% of charges above that threshold, or in the alternative, payment of all out-of-pocket expenses incurred for each payment above what Defendants represented was a $6,350 MOOP threshold (Third and Fourth

Causes of Action);

(4) Costs of this action, including reasonable attorney's fees pursuant to ERISA;

(5) Pre- and post-judgment interest;

(6) Punitive damages; and

(7) Such other relief as the Court deems just and proper.

As stated in the Third-Party Complaint, Monterey Peninsula Horticulture seeks the following:

(1) Payment in an amount equal to Monterey Peninsula Horticulture's actual damages for each claim;

(2) Payment from EBMS, AMPS, CDS, and Alliant for all reasonable costs and expenses of an independent administrator in re-adjudicating the claims set forth above and the reasonable costs and expenses associates with correcting all improperly adjudicated claims;

(3) EBMS, AMPS, CDS, and Alliant to disgorge all unjust enrichment or profits received as a result of fiduciary breaches committed by them or for which they are liable;

(4) For an injunction against each EBMS, AMPS, CDS, and Alliant for any and all such continuing conduct;

(5) Attorney's fees and costs pursuant to ERISA section 502(g); and

(6) such other and further relief as the Court deems just and proper.

### 12. Settlement and ADR:

Plaintiff and Monterey Peninsula Horticulture have had and continue to have informal settlement discussions.   Monterey Peninsula Horticulture has also had informal settlement discussions with the various Third Party Defendants.

The parties are presently negotiating a stipulation pursuant to ADR L.R. 3-5.  Plaintiff is open to any of the options under the multi-option program.  Defendants are open to mediation. Third Party Defendants have not yet taken a formal position on this issue.

Third Party Defendant Alliant urges the Court to set a judicially-supervised settlement conference at the earliest possible opportunity in order to facilitate the resumption of pre-litigation contract negotiations previously in progress between the Plaintiff and Defendants.

Third Party Defendants AMPS and CDS are amenable to mediation once sufficient discovery has been conducted on the Third Party Complaint issues.

**13.     <u>Consent to Magistrate Judge for All Purposes:</u>**

Plaintiff and Defendants previously consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment. However, Third Party Defendant EBMS declined to consent to magistrate judge for all purposes. [Dkt. No. 73].   As a result, this case was reassigned from Judge DeMarchi to this Court.

**14.     <u>Other References:</u>**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     <u>Narrowing of Issues:</u>**

As noted above, the parties intend to resolve the key issues of the appropriate level of payment under the Plan on cross-motions for summary judgment.

**16.     <u>Expedited Trial Procedure:</u>**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.     <u>Scheduling:</u>**

Plaintiff and Defendants submit the following separate proposals for a case management schedule.  Plaintiff notes that extensive written discovery has already occurred, and believes that it can complete the remainder of discovery on its affirmative case this year.  Plaintiff further notes that this case was filed in December 2017, nearly a year and a half ago.

Defendants, in contrast, seek to push out discovery for roughly an additional six months beyond the schedule proposed by Plaintiff.

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Deadline to Amend Pleadings, Add/Remove Parties | May 17, 2019 | May 17, 2019 |
| Fact Discovery Cut-Off: | September 27, 2019 | April 24, 2020 |
| Initial Designation of Experts / Expert Reports Due: | October 18, 2019 | May 29, 2020 |
| Expert Discovery Cut-Off: | December 20, 2019 | July 17, 2020 |

| Last Day to Hear Dispositive Motions: | February 20, 2020 | August 28, 2020 |
|---|---|---|
| Pre-Trial Conference: | March 29, 2020 | September 27, 2020 |
| Bench Trial (ERISA claims): | April 19, 2020 | October 19. 2020 |
| Jury Trial (state law claims): | April 29, 2020 | October 29, 2020 |

**18.    Trial:**

The parties agree there will be a bench trial on the FAC's ERISA cause(s) of action, followed, if needed, by a jury trial on the state law causes of action for intentional and fraudulent misrepresentation.  The parties further agree that the ERISA bench trial should take place first.  The parties estimate that an ERISA bench trial will require 3-5 court days, and that the jury trial will require 3 court days.

Plaintiff's position is that its affirmative claims, both federal and state, should be tried first, and that Defendants' claims against the Third Party Defendants should be bifurcated, and set for trial sometime thereafter.  Specifically, there would be a bench trial on the Third-Party Complaint's ERISA fiduciary breach claims, if and to the extent that liability against Monterey Peninsula Horticulture is found, followed by a jury trial, if needed, on the Third-Party Complaint's claims for breach of contract and professional negligence.  Defendants, in contrast, seek to combine the trials of both Plaintiff's claims and Defendants' own claims against the Third Party Defendants.

**19.    Disclosure of Non-Party Interested Entities or Persons**:

Plaintiff has filed its L.R. 3-15 Certification of Interested Entities or Persons.  Rocket Farms and the Third Party Defendants intend to file their L.R. 3-15 Certification of Interested Entities or Persons no later than April 17, 2019.

**20.    Professional Conduct:**

Counsel for Plaintiff, Eric Chan, counsel for defendants, Curtis Leavitt (lead trial counsel), Jack Janov and Lance Martin, Daniel Platt and Arthur Fels, counsel for EBMS, Heidi Quan, counsel for AMPS and CDS, and Anton Gerschler, counsel for Alliant, reviewed the Northern District of California's Guidelines for Professional Conduct.

//

//

**21.**   **Other Matters:**

The parties are unaware of any other issues affecting the status or management of the case.

Respectfully submitted,

DATED: April 10, 2019                    HOOPER, LUNDY & BOOKMAN, P.C.


By: _____/s/ Eric D. Chan_____
ERIC D. CHAN
Attorney for Plaintiff
SALINAS VALLEY MEMORIAL
HEALTHCARE SYSTEM

DATED: April 10, 2019                    KENNADAY LEAVITT OWENSBY PC


By: _____/s/ Curtis S. Leavitt_____
CURTIS S. LEAVITT
JACK A. JANOV
LANCE M. MARTIN
Attorneys for Defendant and Third Party
Plaintiff
MONTEREY PENINSULA
HORTICULTURE, INC. dba ROCKET
FARMS; and Defendant MONTEREY
PENINSULA HORTICULTURE, INC. /
STEVEN ROBERTS ORIGINAL
DESSERTS, LLC; EMPLOYEE BENEFIT
PLAN

DATED: April 10, 2019                    LOEB & LOEB LLP


By: _____/s/ Arthur Fels_____
DANIEL A. PLATT
ARTHUR FELS
Attorney for Third Party Defendant
EMPLOYEE BENEFIT MANAGEMENT
SERVICES, INC.

DATED: April 10, 2019                    MURCHISON & CUMMING LLP


By: _____/s/ Heidi Quan_____

1

HEIDI QUAN
Attorney for Third Party Defendants
ADVANCED MEDICAL PRICING
SOLUTIONS AND CLAIMS DELEGATE
SERVICES

2

3

4

DATED: April 10, 2019

5

6

By: _____/s/ Anton Gerschler_____
ANTON GERSCHLER
Attorney for Third Party Defendant
ALLIANT INSURANCE SERVICES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28