United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY PENINSULA HORTICULTURE, INC., et al.,<br><br>Defendants. | Case No. 17-CV-07076-LHK<br><br>**ORDER GRANTING EBMS'S MOTION TO DISMISS MONTEREY'S THIRD PARTY COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 71 |

Plaintiff Salinas Valley Memorial Healthcare System ("Salinas Valley") sues Defendants Monterey Peninsula Horticulture, Inc. ("Monterey") and the Monterey Horticulture / Steven Roberts Original Desserts, LLC Employee Benefit Plan ("the Plan") to recover money allegedly owed for healthcare services. ECF No. 1. Monterey filed a Third Party Complaint against Third Party Defendants Employee Benefit Management Services, Inc. ("EBMS"), Advanced Medical Pricing Solutions, Inc. ("AMPS"), Claims Delegate Services, LLC ("CDS"), and Alliant Insurances Services, Inc. ("Alliant") (collectively, "Third Party Defendants"). ECF No. 44 ("TPC"). Before the Court is EBMS's motion to dismiss the TPC. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS EBMS's motion to

1
Case No. 17-CV-07076-LHK
ORDER GRANTING EBMS'S MOTION TO DISMISS MONTEREY'S THIRD PARTY COMPLAINT WITHOUT LEAVE TO AMEND

dismiss the TPC without leave to amend.

## I. BACKGROUND

### A. Factual Background

Monterey, which does business as Rocket Farms, "provides nursery products, including greenhouse growers, indoor potted foliage plants, and edible herbs, fruits and vegetables to its customers." TPC ¶ 4. Monterey is the sponsor and administrator of the Plan, as well as a fiduciary of the Plan. *Id.*

The Plan was Monterey's health benefit plan that existed from July 1, 2014 to June 30, 2017, and was self-funded by employer and participant contributions. *Id.* ¶ 9. The Plan insured "Monterey's employees and employees' dependents against losses arising from their medical care." *Id.*

EBMS is a Montana corporation and a "third-party administrator providing administrative services, including plan design, medical bill review, and claims administrative services, to self-funded plans." *Id.* ¶ 5. EBMS "adjusted, reviewed and paid claims under the Plan." *Id.* EBMS also "determined what healthcare providers would be paid by the Plan, and in what amount." *Id.*

Monterey alleges that in 2014, Alliant convinced Monterey to switch from a fully insured plan to a self-insured plan. *Id.* ¶ 15. The Third Party Defendants "presented the self-insured plan as a cost-savings mechanism" for Monterey. *Id.* ¶ 16. The Third Party Defendants also "represented they were knowledgeable in self-funded plans, claim review and validation." *Id.* ¶ 17. Alliant advised Monterey to use the services of EBMS, AMPS, and CDS. *Id.* ¶ 18.

EBMS was the Claims Administrator for the Plan. *Id.* ¶ 21. Monterey alleges that "[t]he services agreement between Monterey and EBMS listed EBMS' duties and responsibilities as Claims Administrator." *Id.* The services agreement stated that EBMS's "duties and responsibilities included, but were not limited to, preparing the SPD [Summary Plan Document], processing and adjudicating all claims, reviewing and responding to appeals regarding benefit determinations, facilitating reviews by independent review organizations, and answering medical

benefit and claim questions." *Id.* Monterey also entered a services agreement with AMPS and CDS. *Id.* ¶ 22.

Monterey alleges that EBMS "discounted virtually all substantive medical claims submitted to the Plan by healthcare providers in a similar fashion," and that EBMS "did not administer the Plan according to the SPD." *Id.* ¶ 23b. EBMS also "made false communications to healthcare providers regarding the level of plan benefits" and the coverage that the Plan would provide. *Id.* ¶ 23c. According to Monterey, "EBMS, CDS and AMPS exercised complete authority and control over Plan assets by determining what payment would be made out of Plan assets, to whom such payments would be made, and in what amount." *Id.* ¶ 24.

Monterey alleges that the SPD "deceived Monterey, the Plan and Monterey's employees and employee beneficiaries into believing EBMS, AMPS, and CDS were achieving savings in claims paid by the Plan when no savings were actually realized or could ever possibly be realized." *Id.* ¶ 27.

Healthcare providers, including Salinas Valley, appealed benefit determinations to EBMS, and then to AMPS and CDS. *Id.* ¶ 28. After exhausting these avenues, Salinas Valley and other healthcare providers sued Monterey in various actions. *Id.* ¶ 29. Monterey alleges that the Third Party Defendants' actions "forced Monterey to expend significant time and resources in identifying, disputing, appealing and negotiating allegedly underpaid claims." *Id.* ¶ 30.

**B. Procedural History**

On December 12, 2017, Salinas Valley filed its complaint against Monterey and the Plan. ECF No. 1. The case was originally assigned to United States Magistrate Judge Howard R. Lloyd. ECF No. 4.

On January 12, 2018, Monterey and the Plan filed a motion to dismiss Salinas Valley's complaint. ECF No. 10. On May 31, 2018, Judge Lloyd issued an order granting in part and denying in part Monterey and the Plan's motion to dismiss. ECF No. 29.

On June 4, 2018, the case was reassigned to United States Magistrate Judge Virginia K.

3

Case No. 17-CV-07076-LHK
ORDER GRANTING EBMS'S MOTION TO DISMISS MONTEREY'S THIRD PARTY COMPLAINT WITHOUT LEAVE TO AMEND

1  DeMarchi. ECF No. 30.

2  On June 14, 2018, Salinas Valley filed its first amended complaint. ECF No. 32 ("FAC"). Salinas Valley brings the following claims against Monterey and the Plan: (1) recovery of payments due under the Employee Retirement Income Security Act ("ERISA"); (2) violation of the Affordable Care Act's maximum-out-of-pocket limitations; (3) intentional misrepresentation; and (4) negligent misrepresentation. FAC ¶¶ 226–263.

On June 28, 2018, Monterey and the Plan moved to dismiss the FAC. ECF No. 34. On November 29, 2018, Judge DeMarchi denied Monterey and the Plan's motion to dismiss the FAC. ECF No. 42.

On December 13, 2018, Monterey and the Plan filed an answer to Salinas Valley's amended complaint. ECF No. 45.

That same day, Monterey filed its third party complaint ("TPC") against EBMS, Advanced Medical Pricing Solutions, Inc. ("AMPS"), Claims Delegate Services, LLC ("CDS"), and Alliant Insurances Services, Inc. ("Alliant"). ECF No. 44.

The TPC brings claims against EBMS for (1) breach of fiduciary duty under Section 502(a)(2) of ERISA, TPC ¶¶ 31–39; (2) breach of contract, *id.* ¶¶ 59 – 62; and (3) professional negligence, *id.* ¶¶ 79–83.

On February 22, 2019, EBMS filed the instant motion to dismiss the TPC. ECF No. 71 ("Mot.").

On March 1, 2019, EBMS declined magistrate judge jurisdiction, and the case was reassigned to the undersigned. ECF Nos. 73, 75.

On March 8, 2019, Monterey and the Plan filed their opposition to EBMS's motion to dismiss. ECF No. 78. On March 15, 2019, EBMS filed its reply. ECF No. 79 ("Reply").

## II.  LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

4

Case No. 17-CV-07076-LHK
ORDER GRANTING EBMS'S MOTION TO DISMISS MONTEREY'S THIRD PARTY COMPLAINT WITHOUT LEAVE TO AMEND

short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."

5

Case No. 17-CV-07076-LHK
ORDER GRANTING EBMS'S MOTION TO DISMISS MONTEREY'S THIRD PARTY COMPLAINT WITHOUT LEAVE TO AMEND

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

EBMS's motion to dismiss Monterey's TPC against EBMS[1] centers on a single issue: whether Monterey has exhausted a contractual obligation to mediate before filing suit. For the reasons explained below, the Court concludes that because Monterey has not exhausted that obligation, the Court must dismiss Monterey's TPC against EBMS.

The claims in Monterey's TPC arise from the Administrative Services Agreement ("Services Agreement") between EBMS and Monterey. Mot. at 2. The TPC refers to the Services Agreement as "[t]he services agreement between Monterey and EBMS," which made EBMS the Claims Administrator and listed EBMS's responsibilities and duties in that role. TPC ¶ 21. First, the Court must decide whether to consider the contents of the Services Agreement. Although Monterey did not attach the Services Agreement to the TPC, each of Monterey's causes of action references the Services Agreement and the TPC even includes an image of one section of the Services Agreement.

Specifically, in Monterey's breach of fiduciary duty claim, Monterey alleges that EBMS breached a fiduciary duty through misrepresentations about savings under the Plan and alleges that without "the trust that Monterey had in Alliant and EBMS, Monterey would not have signed the

---

[1] None of the other Third Party Defendants—Alliant, AMPS, and CDS—has joined EBMS's motion to dismiss.

6

services agreement with EBMS." TPC ¶ 36. Monterey's breach of contract claim alleges that EBMS "breached the services agreement." *Id.* ¶ 61. The TPC includes an image of the section in the Services Agreement setting forth EBMS's duties and responsibilities as claims administrator. *Id.* ¶ 60. Finally, Monterey's negligence claim is also based on the Services Agreement: Monterey alleges that under the "service agreement with EBMS," EBMS "was required to use the skill and care that a reasonably careful administrative service organization/third-party administrator would have used in similar circumstances." *Id.* ¶ 81.

The Ninth Circuit has held that a court may consider materials referenced in a pleading under the incorporation by reference doctrine, even if a plaintiff failed to attach those materials to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The purpose underlying this doctrine is to "[p]revent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Steinle v. City & Cty. of S.F.*, 919 F.3d 1154, 1167 n.17 (9th Cir. 2019) (alteration in original) (internal quotation marks and citation omitted).

For example, in *Knievel*, after the plaintiffs attached only a photograph and caption to their defamation complaint, the defendant asked the court to review the web pages on which the photograph and caption appeared because "viewers accessing the website could not help but to see at least some of the surrounding web pages in order to view the photograph and caption." *Id.* at 1076–77. The Ninth Circuit held that a court could consider those webpages under the incorporation by reference doctrine on a motion to dismiss. *Id.* at 1077. Similarly, Monterey's TPC explicitly references the Services Agreement throughout, and even includes an image of the Services Agreement. *See* TPC ¶¶ 36, 60, 81. Accordingly, the Court may consider the Services Agreement under the incorporation by reference doctrine. *See also Smith v. AMC Networks, Inc.*, 2019 WL 402360, at *4 (N.D. Cal. Jan. 31, 2019) (taking judicial notice of written works "referenced in the complaint"). To do otherwise would be to permit Monterey to base its claims on the Services Agreement, but avoid a motion to dismiss by omitting other large portions of the

7

Services Agreement. Considering the Service Agreement does not convert EBMS's motion to dismiss into a motion for summary judgment, contrary to Monterey's argument. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

Monterey also argues that the Declaration of J. Matthew Johnson is insufficient to authenticate the Services Agreement because Johnson—who is Corporate Counsel and Vice President of Legal at EBMS, Johnson Decl. ¶¶ 1–2—has only worked at EBMS for nine months. In his declaration, Johnson states "I am familiar with and maintain, among other things, the various agreements between EBMS and its clients. The documents attached collectively as Exhibit A are a true and correct copy of the 2014 Administrative Services Agreement and corresponding renewals for 2015 and 2016 between EBMS and Rocket Farms (except for pricing information, which has been redacted)." Johnson Decl. ¶ 2. Although Johnson's declaration does not quite establish that the Services Agreement is a business record, the Court overrules Monterey's objection for the following reasons. Monterey included an image of the Services Agreement in its own TPC. Monterey does not dispute that Monterey signed the Services Agreement attached to Johnson's declaration. Monterey does not contend that the version attached to Johnson's declaration is not a true and correct copy of the Services Agreement. Monterey does not contest that Monterey agreed to the Services Agreement.

Here, as EBMS contends, the Services Agreement requires mediation as a condition precedent to legal action. Specifically, Section 11.01 of the Services Agreement reads as follows:

> **Dispute Resolution**
> Plan Sponsor and Contract Administrator will meet and confer in an attempt to resolve any dispute arising out of or relating to this Agreement. A dispute not resolved within 60 days of this meeting will be submitted to mediation . . . . If the dispute is not resolved through mediation, the parties will be free to pursue all legal and equitable remedies otherwise available.

ECF No. 71-1, Ex. A at 10 (emphasis in original). Thus, the Services Agreement requires EBMS and Monterey to mediate any dispute "arising out of or relating" to the Services Agreement before a party may pursue "legal and equitable remedies."

8

Case No. 17-CV-07076-LHK
ORDER GRANTING EBMS'S MOTION TO DISMISS MONTEREY'S THIRD PARTY COMPLAINT WITHOUT LEAVE TO AMEND

In *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999), the Ninth Circuit held that the similar "language 'arising in connection with' reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." *Id.* at 721; *see also Good(E) Bus. Sys., Inc. v. Raytheon Co.*, 614 F. Supp. 428, 429 (W.D. Wis. 1985) (noting that the phrase "arising out of or relating to this Agreement" has been "broadly construed") (citing *Prima Paint Corp. v. Floor & Conklin Mfg. Co.*, 388 U.S. 395 (1967)).

Section 11.01 is plainly applicable to the instant dispute because Monterey's TPC alleges that EBMS breached the Service Agreement, and thus the dispute has a "significant relationship" to the Services Agreement. *See* TPC ¶¶ 60–61 (alleging breach, and including a screenshot of the Service Agreement). As the TPC alleges, Monterey and EBMS's relationship was governed by the Service Agreement: "The services agreement between Monterey and EBMS listed EBMS' duties and responsibilities as Claim [sic] Administrator" for the Plan. *Id.* ¶ 21. The TPC also alleges that EBMS was negligent because under the "service agreement with EBMS," EBMS "was required to use the skill and care that a reasonably careful administrative service organization/third-party administrator would have used in similar circumstances." *Id.* ¶ 81.

Even if the Court adopts Monterey's interpretation that Section 11.01 covers "disputes only between MPHI and EBMS about the execution or handling of the subject matter within the ASA agreement, vis-à-vis each other," Opp. at 6 (emphasis removed), Section 11.01 applies. In the TPC, Monterey alleges that EBMS is liable for breach of contract because EBMS did not execute its duties under the Services Agreement, and that EBMS was negligent in handling its duties under the Services Agreement. This qualifies as a dispute between Monterey and EBMS "about the execution or handling of the subject matter within the ASA agreement, vis-à-vis each other." Thus, Section 11.01 applies.

Furthermore, the TPC includes no allegation that EBMS and Monterey have mediated the dispute underlying the TPC, as required by the Services Agreement, and Monterey does not

9

contest in its brief that Monterey and EBMS have not engaged in mediation. Thus, Monterey has not fulfilled a condition precedent to its legal action against EBMS, and the Court must dismiss the TPC's claims against EBMS.

District courts have dismissed claims in similar circumstances. For example, in *Brosnan v. Dry Cleaning Station Inc.*, 2008 WL 2388392 (N.D. Cal. Jun. 6, 2008), the plaintiffs brought fraud and breach of contract claims against the defendants. *Id.* at *1. The franchise agreement between the parties stated that "the Company [defendants] and the Franchisee [plaintiffs] each agree to enter into mediation of all disputes involving this Agreement or any other aspect of the relationship . . . prior to initiating any legal action against the other." *Id.* The district court granted the defendants' motion to dismiss the plaintiffs' lawsuit because "[f]ailure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Id.* (citing, *inter alia*, *Charles J. Rounds Co. v. Joint Council of Teamsters No. 42*, 4 Cal. 3d 888 (1971)); *see also B & O Mfg., Inc. v. Home Depot U.S.A., Inc.*, 2007 WL 3232276, at *8 (N.D. Cal. Nov. 1, 2007) (dismissing claim because plaintiff failed to first mediate as required by an agreement between the parties).

Similarly, in *Free Range Content, Inc. v. Google Inc.*, 2016 WL 2902332 (N.D. Cal. May 13, 2016), the district court dismissed claims where the plaintiffs had failed to satisfy "a condition precedent to filing suit," which in that case was the requirement to provide the defendants notice before filing suit. *Id.* at *13–14; *see also Target Corp. v. Wolters Kluwer Health, Inc.*, 2015 WL 12646483, at *5 (C.D. Cal. Dec. 16, 2015) (explaining that an "alternative dispute provision . . . is considered a condition precedent to filing lawsuit").

Monterey makes two arguments against dismissal, none of which are availing. First, Monterey appears to argue that Section 11.01 is inapplicable because the instant dispute concerns Monterey's TPC and "the TPC is not a lawsuit filed against EBMS." Opp. at 2, 6. However, the TPC is in fact a set of legal allegations filed against EBMS, and Monterey identifies no language in Section 11.01 exempting third party complaints from its ambit. By its plain language, Section

10

Case No. 17-CV-07076-LHK
ORDER GRANTING EBMS'S MOTION TO DISMISS MONTEREY'S THIRD PARTY COMPLAINT WITHOUT LEAVE TO AMEND

11.01 requires mediation before either EBMS or Monterey pursues "*all* legal and equitable remedies." Ex. A at 10 (emphasis added). Section 11.01 thus necessarily applies to the TPC, which requests both damages (a legal remedy) and an injunction (an equitable remedy) against EBMS based on claims arising from the Services Agreement. TPC at 24–25. Salinas Valley's allegations against Monterey in the FAC are simply not relevant to the instant motion, which concerns whether the dispute at issue in *Monterey*'s legal action against EBMS arises from or relates to the Services Agreement.

Second, Monterey argues that because many *other* provisions of the Services Agreement other than Section 11.01 are subject to reasonable dispute, the instant motion is functionally one for summary judgment. *See, e.g.*, Opp. at 8 (arguing that there are "disputed factual issues" concerning Section 2.01, which states that "EBMS will assist in the preparation of the Plan documents, benefits summaries, and materials necessary to operate the Plan"). However, the instant motion implicates none of those disputes. Moreover, Monterey's invocation of the substantive Services Agreement provisions in dispute further reinforces how Monterey's TPC arises from and relates to the Services Agreement.

Therefore, because Section 11.01 of the Services Agreement requires mediation as a condition precedent to legal action, and because Monterey does not allege that it mediated the instant dispute with EBMS, the Court must dismiss Monterey's TPC claims against EBMS. The dismissal is without prejudice to Monterey refiling once Monterey and EBMS have fulfilled the mediation condition. See *Brosnan*, 2008 WL 2388392, at *2 (dismissing complaint without prejudice where plaintiff failed to fulfill mediation condition precedent).

Finally, the Court considers whether to grant leave to amend. The Ninth Circuit has held that leave to amend should be denied where amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger*, 512 F.3d at 532. Granting Monterey leave to amend its TPC claims against EBMS would be futile, cause undue delay, and unduly prejudice EBMS. Amendment would be futile because the

11

Services Agreement requires mediation before Monterey may file suit against EBMS, and Monterey does not contest that Monterey and EBMS have not mediated. Similarly, granting Monterey leave to amend would only delay mediation and the ultimate resolution of this dispute between Monterey and EBMS, and would force EBMS to file a second motion to dismiss on Monterey's futile claims. Therefore, the Court DENIES Monterey leave to amend the TPC against EBMS.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS EBMS's motion to dismiss Monterey's TPC against EBMS without leave to amend. The Court's dismissal is without prejudice to Monterey refiling its claims against EBMS once Monterey has fulfilled the mediation condition precedent in the TPC.

**IT IS SO ORDERED.**

Dated: June 21, 2019

_____
LUCY H. KOH
United States District Judge