ERIC D. CHAN (State Bar No. 253082)
SANSAN LIN (State Bar No. 298994)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail:   echan@health-law.com

Attorneys for Salinas Valley Memorial
Healthcare System

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,<br><br>            Plaintiff,<br><br>    vs.<br><br>MONTEREY PENINSULA HORTICULTURE, INC. d/b/a/ ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC EMPLOYEE BENEFIT PLAN,<br><br>            Defendants. | Case No. 17-cv-07076-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     July 24, 2019<br>Time:    2:00 pm<br>Crtrm.:   Ctrm. 8, 4th Floor<br><br>[Hon. Lucy H. Koh]<br><br>Trial Date:            None Set |
| MONTEREY PENINSULA HORTICULTURE, INC.,<br><br>            Third-Party Plaintiff,<br><br>    v.<br><br>EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC., CLAIMS DELEGATE SERVICES, LLC, ADVANCED MEDICAL PRICING SOLUTIONS, INC., ALLIANT INSURANCE SERVICES, INC.<br><br>            Third-Party Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rules 16-9 and 16-10, this Court's Case Management Order dated April 15, 2019 [Dkt. No. 89], Plaintiff Salinas Valley Memorial Healthcare System ("Plaintiff"), Defendant and Third-Party Plaintiff Monterey Peninsula Horticulture, Inc., dba Rocket Farms, Monterey Peninsula Horticulture, Inc. / Steven Roberts Original Desserts, LLC, and Employee Benefit Plan (collectively, "Defendant"), Claims Delegate Services, LLC ("CDS"), Advanced Medical Pricing Solutions, Inc. ("AMPS"), and Alliant Insurance Services, Inc. ("Alliant") (collectively, "Third Party Defendants") (all together, the "Parties") respectfully submit this Joint Rule 26(f) Report in advance of the Case Management conference scheduled for July 24, 2019 at 2:00 pm.

L.R. 16-10 requires that the parties "report[] progress or changes since the last statement was filed and mak[e] proposals for the remainder of the case development process."[1] The Parties filed a Stipulation earlier this week that was intended to meet these requirements, though it was not styled as a Join Case Management Statement. (*See* Dkt. No. 102 (Stipulation and [Proposed] Order to Convert Selected ADR Process from Early Neutral Evaluation to Mediation, and to Extend ADR Completion Deadline and to Continue Case Management Conference).) That Stipulation is hereby incorporated by reference in its entirety.

In short: since the Court dismissed Third-Party Defendants Employee Benefit Management Services, Inc. ("EBMS") from the case, the parties have held a telephone conference with the court-assigned Neutral Evaluator, W. George Wailes, Esq., as required by the ADR Local Rules. However, as a result of that meeting, the Parties have decided—and Mr. Wailes recommended—that this matter is better suited for mediation than for an Early Neutral Evaluation (ENE), and that, in order for such mediation to be productive, EBMS should be given a chance to be brought back in. The Parties have therefore asked the Court to modify the ADR process and completion deadline accordingly.

That being said, the Parties and their counsel have scheduled, and are prepared to attend, an in-person Early Neutral Evaluation in the San Francisco Bay Area this coming Wednesday,

---

[1] The last Joint Rule 26(f) Case Management Statement was filed on April 10, 2019 [Dkt. No. 85].

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

July 24—without EBMS, who declined to participate—in order to comply with this Court's current ADR order, which requires the Parties to make their best efforts to complete an ENE by that date.  (*See* Dkt. No. 96.)  (The current CMC is scheduled for the same afternoon.)  For the reasons explained above and in the Stipulation, the Parties do not believe that holding such ENE will be the most productive path towards dispute resolution.  Thus, given that none of the Parties or their counsel are local to Mr. Wailes' office, where the ENE will be held (and in fact, none of the counsel in this case are local to the Bay Area), the Parties respectfully request further guidance from the Court in this respect.

Beyond the issues raised by the Stipulation, Plaintiff SVMHS reports that its efforts to obtain additional discovery have not been proceeding as fast as hoped.  This is due in significant part to EBMS' dismissal from this case.  EBMS is in apparent sole possession of the administrative records for the hundreds of ERISA benefit claims that are the central focus of this case.[2]  SVMS filed early Rule 26(d) discovery requests on EBMS in February of this year, shortly after EBMS joined the case.  EBMS responded in April by agreeing to produce the documents sought.  Despite multiple follow-up requests, however, EBMS did not produce the documents it promised before its dismissal from this matter.  Plaintiff served a third party subpoena on EBMS immediately thereafter, but still has not obtained any of the needed discovery.  Thus, while Plaintiff will make every effort to complete fact discovery by the existing October 4, 2019 deadline, an extension of several months will likely be needed (which would in turn likely necessitate a continuance of the trial date).  Depositions of the other parties in this case also need remain to be taken, including some that are out-of-state, in places like Montana and Georgia.  Such depositions have been noticed by Plaintiff and discussions of scheduling and logistics are underway.

---

[2] As the parties noted in their initial Joint Rule 26(f) report, a primary focus of discovery in this case is "the administrative records for each of the benefit claims at issue, including records relating to assignment of benefits, appeals and appeal denials, and billing and payment records for the claims at issue, as well as records for the telephonic coverage verification calls conducted by the Hospital prior to or around the time of each service provided to a member of the Plan."  (Dkt. No. 85 at p. 7-8.)  In discovery, Defendants informed Plaintiff that they are not in possession of such records, and that only EBMS possesses such records.  (*Id.*)

In conclusion, the Parties respectfully request that this Court grant the Stipulation, if at all possible, sufficiently in advance of next Wednesday's scheduled ENE.

Respectfully submitted,

Dated: July 19, 2019              HOOPER, LUNDY & BOOKMAN, P.C.

                                  By:        */s/ Eric D. Chan*
                                             ERIC D. CHAN
                                  Attorneys for Plaintiff Salinas Valley Memorial Healthcare System

Dated: July 19, 2019              KENNADAY LEAVITT OWENSBY PC

                                  By:        */s/ Curtis S. Leavitt*
                                             CURTIS S. LEAVITT
                                  Attorneys for Defendants MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS DESSERTS, LLC, EMPLOYEE BENEFIT PLAN and Third-Party Plaintiff MONTEREY PENINSULA HORTICULTURE, INC.

Dated: July 19, 2019

                                  By:        */s/ Anton C. Gerschler*
                                             ANTON C. GERSCHLER
                                  Attorneys for Third Party Defendant ALLIANT INSURANCE SERVICES, INC.

Dated: July 19, 2019              MURCHISON & CUMMING LLP

                                  By:        */s/ Heidi Quan*
                                             HEIDI QUAN
                                  Attorneys for Third Party Defendants ADVANCED MEDICAL PRICING SOLUTIONS AND CLAIMS DELEGATE SERVICES

*Filer's Attestation: Pursuant to Local Rule 5-1(i)(1) and (i)(3), Eric D. Chan hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*