KENNADAY LEAVITT PC
CURTIS S. LEAVITT (SBN 162032)
cleavitt@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California 95814
Telephone:   (916) 732-3060

Attorneys for Defendants/Third-Party Plaintiffs
MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS;
MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC;
EMPLOYEE BENEFIT PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY PENINSULA HORTICULTURE, INC. dba ROCKET FARMS; MONTEREY PENINSULA HORTICULTURE, INC. / STEVEN ROBERTS ORIGINAL DESSERTS, LLC, EMPLOYEE BENEFIT PLAN,<br><br>Defendants.<br><br>AND RELATED THIRD-PARTY ACTION. | Case No. 5:17-cv-07076-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   May 26, 2020<br>Time:   10:00 a.m.<br>Crtrm:  6 – 4th Floor<br>Judge:  Hon. Susan van Keulen<br><br>Complaint Filed: December 13, 2017<br>3rd Party Complaint Filed: December 13, 2018 |

Pursuant to the Court's Minute Entry [Dkt. No. 158] setting a Status Conference on May 26, 2020, and requesting a Case Management Statement on or before May 20, 2020, Third-Party Plaintiff Monterey Peninsula Horticulture, Inc., dba Rocket Farms, Monterey Peninsula Horticulture, Inc. / Steven Roberts Original Desserts, LLC, Employee Benefit Plan (collectively, "MPH"), and Third-Party Defendants Advanced Medical Pricing Solutions, Inc. / Claims Delegate Services, LLC ("AMPS/CDS"), and Alliant Insurance Services, Inc. ("Alliant") (collectively, "Third Party Defendants") (all together, the "Parties") respectfully submit this Joint Case Management Statement.

1    This case was originally brought by Plaintiff, Salinas Valley Memorial Healthcare System ("SVMH") which sued MPH challenging the legal and regulatory efficacy of MPH's self-funded health plan.  Thereafter, MPH filed a Third-Party Complaint against the consultants who designed and implemented the self-funded plan, AMPS/CDS and Employee Benefit Management Services, Inc., ("EBMS") respectively, as well as MPH's insurance broker/consultant, Alliant, which had brought AMPS/CDS and EBMS to MPH.

All third-party defendants were served.  AMPS/CDS and Alliant appeared by answer.  After first declining to consent to having the matter adjudicated by a magistrate judge, EBMS then brought a motion to dismiss the Third-Party Complaint on the ground that MPH had not conducted a mediation before initiating litigation as required in a written contract between MPH and EBMS.

Meanwhile, all other parties to the case agreed to participate in the neutral evaluation ["ENE"] process assigned to Mr. George Wailes, Esq., a trained and long-time member of this Court's approved ENE panel of qualified neutrals.

EBMS was invited to participate in the ENE process but declined in light of its motion to dismiss.  In June 2019, the Honorable Lucy H. Koh granted EBMS' motion to dismiss, but did so without prejudice. [Dkt. No. 71].  The remaining parties scheduled a settlement meeting with Mr. Wailes at his office in San Mateo for December 4, 2019.  EBMS was again invited to voluntarily attend the settlement meeting, but again declined.

Counsel for all remaining parties other than EBMS, and their respective principals and decision-makers conducted a full day of settlement negotiations with Mr. Wailes, a day that extended into the hours of darkness, culminating in 1) a written settlement between Plaintiff, SVMH and Defendant MPH, and 2) separate agreements in principle between MPH and AMPS/CDS and MPH and Alliant, respectively.

The Third-Party settlement agreements were never consummated however, primarily because the Third-Party Defendants insisted upon being held harmless by MPH; an obligation that MPH was not willing to accept with its claims against EBMS still in the offing.

///

///

1    This impasse was reported to this Honorable Court at the Further Case Management
2 Scheduling Order held on February 11, 2020. (Dkt. No. 157.) The Court ordered MPH, CDS/AMPS
3 and Alliant back to mediation to be completed by 5/15/2020. EBMS was privy to this discussion
4 because to this day, EBMS remains on the Court's service list in this present action and the electronic
5 audio recording of the 30-minute proceeding was made part of the Court's publicly-available record
6 in this case. (Dkt. No. 157.)

7    Thereafter, counsel for MPH reports that MPH conducted a contractual mediation with
8 EBMS only, but was not able to resolve its claims against EBMS.

9    Thereafter, on March 6, 2020, MPH filed a new lawsuit against EBMS encaptioned
10 *Monterey Peninsula Horticulture, Inc. v. Employee Benefit Management Services, Inc.,* Case. No.:
11 5:20-cv—1660-NC ("*MPH v. EBMS*"). MPH's new complaint against EBMS was filed on March
12 6, 2020, accompanied by MPH's Rule 3-15 Certificate of Interested Entities or Persons clearly
13 identifying AMPS/CDS and Alliant, and describing their respective interests. (*MPH v. EBMS* Dkt.
14 No. 2).

15    That related matter is currently pending before the Honorable Nathanael M. Cousins.
16 Counsel for MPH further reports that MPH and EBMS have met and conferred regarding initial
17 disclosures, early settlement, ADR process selection and a discovery plan.

18    The Rule 26(f) Report in the *MPH v. EBMS* case is due June 3, 2020. MPH's counsel further
19 reports that counsel for MPH and EBMS have had recent settlement discussions that were not
20 successful in reaching an agreement between MPH and EBMS. MPH's counsel reports that during
21 those conversations, EBMS' counsel stated an intent to file cross-claims on behalf of EBMS against
22 AMPS/CDS and Alliant.

23    On May 13, 2020, counsel for MPH, AMPS/CDS and Alliant, along with their respective
24 client representatives participated in a Zoom mediation with Mr. Wailes in the present action. All
25 thoughtful options and alternatives were explored to resolve the hold-harmless issue, but to no avail.
26 Mr. Wailes concluded the mediation with a full understanding of the parties' respective positions,
27 but with no achievable settlement solution in the absence of EBMS.

28 ///

KENNADAY LEAVITT PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00198675.1                                3
JOINT CASE MANAGEMENT STATEMENT

1  All parties in the present action believe that this case has a high likelihood of settling globally
2  by mediation, provided EBMS is present and participates in good faith.  Absent a stipulation from
3  EBMS to participate in global settlement negotiations, the parties to the present action jointly request
4  that the Court vacant the current trial dates in the present action, and in coordination with Judge
5  Cousins, stay further case management orders in *MPH v. EBMS*,  and jointly order all parties in both
6  related actions to participate in mediation with their principals and decision-makers present within
7  the next 45 to 60 days.

Respectfully submitted,

DATED: May 20, 2020                           KENNADAY LEAVITT PC

By:   */s/ Curtis S. Leavitt*
CURTIS S. LEAVITT
Attorneys for Defendants/Third-Party Plaintiffs
MONTEREY PENINSULA HORTICULTURE,
INC. dba ROCKET FARMS; STEVEN ROBERTS
ORIGINAL DESSERTS, LLC; EMPLOYEE
BENEFIT PLAN

DATED: February 6, 2020                       MURCHINSON & CUMMING LLP

By:   */s/ Heidi C. Quan*
HEIDI C. QUAN
Attorneys for Third-Party Defendants
ADVANCED MEDICAL PRICING SOLUTIONS
and CLAMS DELEGATE SERVICES

DATED: February 6, 2020           By:   */s/ Anton C. Gerschler*
ANTON C. GERSCHLER
Attorneys for Third-Party Defendant
ALLIANT INSURANCE SERVICES, INC.